STATE OF NEBRASKA, PLAINTIFF IN ERROR, v. LEW HUCKINS, DEFENDANT IN ERROR.

Criminal Law: EVIDENCE: GOOD CHARACTER. Where on the trial of a person accused of crime he introduces witnesses to prove his good character, the state may introduce witnesses in rebuttal, although their names are not endorsed on the information. In such case the question of character is collateral to the main issue, and being raised by the defendant the state may call witnesses in rebuttal.

EXCEPTIONS filed by county attorney of Douglas county. Tried below before GROFF, J.

*E. W. Simeral*, for the state, cited: 1 Bishop's Crim. Proc., 1112-1119. *State v. Rivers*, 27 N. W. Rep., 781. *State v. Parish*, 22 Iowa, 284.

*William F. Gurley*, contra, cited: *Stevens v. State*, 19
Neb., 648. *Parks v. State*, 20 Neb., 515.

BY THE COURT.

In a criminal prosecution the defendant called a number
of witnesses to prove his good character. The county at-
torney thereupon offered to produce witnesses whose names
were not on the information to rebut the testimony of the
defendant's witnesses on the question of his character.
This motion was overruled, and to determine the law re-
lating to the matter the county attorney obtained leave and
has filed a petition in error in this court.

The question turns upon the construction to be placed
upon section 579 of the criminal code, which is as follows :
" All informations shall be filed during term, in the court
having jurisdiction of the offense specified therein, by the
prosecuting attorney of the proper county as informant;
he shall subscribe his name thereto, and indorse thereon
the names of the witnesses known to him at the time of
filing of the same ; and at such time before the trial of any
case as the court may, by rule or otherwise, prescribe, he
shall endorse thereon the names of such other witnesses as
shall then be known to him."

In *Stevens v. State*, 19 Neb., 648, and *Parks v. State*, 20
Neb., 515, it was held that witnesses called on the part of
the state, whose names were not endorsed on the informa-
tion, would not be permitted to testify ; and we adhere to
those decisions. The reason for this rule is very clearly
stated by Judge COBB, in *Parks v. State*, where, in speak-
ing of the law providing for prosecutions by information,
he says : "It is an innovation which had often been sug-
gested before it was adopted. With its undoubted advan-
tages, it has been objected to as placing too much power
in the hands of the prosecutor. Probably foreseeing
this objection, the framers of the law sought to throw

around the rights of the accused, under this method of prosecution, every reasonable protection. Under the system of prosecution by indictment, the grand jury was, in a sense, the accuser of every person brought to trial for a crime. So here, where the services of a grand jury are dispensed with, while the responsibility of the prosecution rests in some sense upon the shoulders of the prosecuting attorney, there is certainly some reason why there should be open to the accused some source of information as to the identity of the persons upon whose oath his conviction and punishment is about to be claimed at the bar of justice."

The state cannot, in the first instance, attack the character of a party charged with crime, the presumption being that such party is of good character. Where, however, the accused puts his character in issue by calling witnesses to prove that his general reputation is good, the state may call witnesses to disprove that fact, without the names of such witnesses being endorsed on the information. The reason is, the question of character is collateral to the main issue, and is raised by the accused. Briefly stated, the rule is, that when the presumption of the good character of a party accused of crime has been overcome by *prima facie* evidence of guilt, he may introduce witnesses to show his good character. *Dupree v. State*, 33 Ala., 380. *State v. Wells*, Coxe, 424. *State v. Rivers*, 27 N. W. R., 781. When a person accused of a crime has introduced evidence tending to show his good character, the state may introduce witnesses in rebuttal, although their names are not endorsed on the information. *McDaniel v. State*, 8 Sm. and M., 401. *Carter v. Commonwealth*, 2 Va. Cas., 169. *Reg. v. Rowton*, Leigh & C., 520; S. C., 10 Cox C. C., 25. *Young v. Commonwealth*, 6 Bush, 312. The court therefore erred in excluding the witnesses.

JUDGMENT ACCORDINGLY.