(January 30, 1912.)

## STATE, Respondent, v. MANUEL SILVA, Appellant.

[120 Pac. 835.]

JURY—CHALLENGE TO PANEL—EXEMPTION FROM JURY SERVICE—NOT
CAUSE OF CHALLENGE—PERSONAL PRIVILEGE—SUFFICIENCY OF EVI-
DENCE—EXCLUSION OF EVIDENCE—INFORMATION—NAMES OF WIT-
NESSES INDORSED ON—NOT NECESSARY IN REBUTTAL—NEWLY DIS-
COVERED EVIDENCE—SUBSTANTIAL CONFLICT IN EVIDENCE.

(Syllabus by the court.)

1. Under the provisions of subd. 4 of sec. 3943, Rev. Codes, a
minister of the gospel or a priest of any denomination is exempt
from jury service.

2. Sec. 3946, Rev. Codes, provides the method by which a person
exempt from jury service may avail himself of such exemption.

3. Sec. 7835, Rev. Codes, provides that exemption from service
on a jury is not a cause of challenge but the privilege of the person
exempted.

4. Sec. 7819, Rev. Codes, provides the grounds of challenge to the
panel, and the fact that a person may be exempt from jury service
but is drawn for such service is not a cause of challenge to the panel.

5. The evidence *held* sufficient to sustain the verdict.

6. Where it is sought to show that the deputy sheriff searched the
premises of the defendant four days after the alleged unlawful sale
of intoxicating liquors and found no intoxicating liquors on the
premises, it is not error for the court to exclude such evidence, as
such evidence is immaterial and irrelevant.

7. Sec. 7656, Rev. Codes, which provides, among other things,
that the prosecuting attorney shall subscribe his name to the infor-
mation and indorse thereon the names of the witnesses known to him
at the time of filing the same, and at such time before the trial of
any case, as the court may by rule or otherwise prescribe, he shall
indorse thereon the names of such other witnesses as shall then be
known to him, does not require the indorsement of the names of
witnesses on the information that are called for the purpose of re-
butting the testimony given on behalf of the defendant.

8. Under the provisions of said section, the names of all witnesses
that are known to the prosecuting attorney before the trial begins
should be indorsed on the information, and if other witnesses, whose

## Points Decided.

names are not indorsed on the information, are discovered during the. trial, the court may require the prosecuting attorney to show that he did not know of such witnesses prior to the commencement of the trial.

9. Under the provisions of said section, it is not necessary to indorse on the information the names of witnesses who are called in rebuttal of evidence produced by the defendant, but such witnesses should not be permitted to give testimony that is not clearly in rebuttal.

10. If the state discovers during the trial an important witness on behalf of the state, upon proper showing to the trial court his name may be indorsed upon the information, but the court on application of the defendant should give him proper time to secure witnesses in rebuttal upon a proper showing therefor.

11. Rebutting evidence is that which is given to explain, repel, counteract or disprove testimony or facts given in evidence by the adverse party.

12. Where the defendant had testified that he had received but one shipment of whisky by railroad, it was not error for the court to permit the state to show that he had received other shipments if it could do so.

13. The usual freight or way-bill of a railroad company may be introduced in evidence to show that the defendants have received shipments of goods over a railway.

14. *Held,* that the newly discovered evidence was not sufficient to warrant the granting of a new trial.

15. The defendant undertook to prove an *alibi,* and there is a substantial conflict in the evidence upon that question, and under the provisions of sec. 4824, Rev. Codes, where there is substantial evidence to support a verdict, it will not be set aside on appeal.

16. Errors and mistakes in any pleading or proceeding do not render it invalid unless it has actually prejudiced the defendant or tended to his prejudice in respect to a substantial right.

17. If the evidence of the defendant's guilt is such as ordinarily produces conviction in an unprejudiced mind beyond a reasonable doubt, and the result would not have been different had the erroneous instruction been omitted, the case will not be reversed because of such erroneous instruction.

APPEAL from the District Court of the Fourth Judicial District for Lincoln County. Hon. Edward A. Walters, Judge.

The defendant was convicted of selling intoxicating liquors in a prohibition district contrary to law, and sentenced to imprisonment and also to pay a fine.   Judgment *affirmed.*

Harlan D. Heist, for Appellant.

The court erred in permitting M. T. Whitenack, a witness for the state in rebuttal, to testify in the case, for the reason that his name did not appear at any time upon the information and was not placed thereon during the trial or thereafter.   (*State v. Crea,* 10 Ida. 88, 76 Pac. 1013; *State v. McGann,* 8 Ida. 40, 66 Pac. 823; *State v. Rooke,* 10 Ida. 388, 79 Pac. 82; *State v. Wilmbusse,* 8 Ida. 608, 70 Pac. 849; *Ex parte Schmidt,* 71 Cal. 212, 12 Pac. 55.)

"A bill of lading must be proved to have been signed by the duly authorized agent of the carrier to be admissible." (*Pendery v. Crescent Mut. Ins. Co.,* 21 La. Ann. 410; 1 Ency. of Ev. 295; *Wood v. Roach,* 2 Dall. (Pa.) 180, 1 Am. Dec. 276, 1 L. ed. 340.)

D. C. McDougall, Attorney General, J. H. Peterson, and O. M. Van Duyn, Assistants, for Respondent.

If defendant intended to prove that liquor was not found on his premises four days after the offense is alleged to have been committed, there is no legal theory upon which the relevancy of such evidence could have been established.   (Abbott's Trial Brief, sec. 11, and cases cited; *Commonwealth v. Page,* 72 Mass. (6 Gray) 361; 23 Cyc. 250, sec. 3; *Boulden v. State,* 102 Ala. 78, 15 So. 341.)

Witnesses who testify in rebuttal need not have their names indorsed on the information.   (*Fager v. State,* 49 Neb. 439, 68 N. W. 611; *Rauschkolb v. State,* 46 Neb. 658, 65 N. W. 776; *State v. Huckins,* 23 Neb. 311, 36 N. W. 527; *Kastner v. State,* 58 Neb. 768, 79 N. W. 713; *McVey v. State,* 57 Neb. 477, 77 N. W. 1111; *Kelly v. State,* 51 Neb. 572, 71 N. W. 299.)   The Idaho statute was adopted from Nebraska.

The books of an express company are admissible to show shipments of intoxicating liquor, and we are equally positive that entries made by the agent on a loose sheet, which is

one of the steps in his method in bookkeeping, are equally admissible. (*State v. Kriechbaum,* 81 Iowa, 633, 47 N. W. 872; *Commonwealth v. Blood,* 11 Gray (Mass.), 74.)

SULLIVAN, J.—The defendant was convicted of an unlawful sale of intoxicating liquors, contrary to what is known as the "Local Option Law" (Sess. Laws 1909, p. 9), and sentenced to imprisonment in the county jail for a term of five months and to pay a fine of $500 and costs of prosecution. The appeal is from the judgment.

The first error assigned is to the effect that the court erred in overruling appellant's challenge to the jury.

Before the jury was called, defendant interposed a challenge to the panel, based on the ground that there was a material departure from the form prescribed by law in respect to the drawing and returning of said jury, in that the county commissioners, in selecting the names of the men to act as jurors for the ensuing year, selected a person exempt from service; that such person was a minister of the gospel. Subd. 4 of sec. 3943 of the Rev. Codes provides that a person is exempt from liability to act as a juror if he be a minister of the gospel or a priest of any denomination. Sec. 3946 provides the method by which one may avail himself of such exemption, to wit, that he must make and transmit an affidavit to the clerk of the court, stating his office, occupation or employment showing his exemption, and this affidavit must be filed with the clerk. Sec. 7835, Rev. Codes, provides that exemption from service on a jury is not a cause of challenge, but the privilege of the person exempted. The provisions of that section fully meet and answer this assignment of error. Further, sec. 7819 prescribes the only ground for challenge to the panel, and the disqualification of a juror is not given in said section as a ground for such challenge. The challenge interposed by counsel for the defendant was to the panel, and it was such a challenge to the panel as is not known to the statute. Simply because a person is exempt from jury service, if he possess the qualifications of a juror as provided

by statute, is no ground for challenge to the panel nor to the individual juror.

2. The second assignment of error is that the court erred in overruling defendant's motion to instruct the jury that the defendant was not guilty on the ground that the evidence was insufficient from which to warrant a verdict of conviction. There is nothing in that contention whatever. While there is a direct conflict in the evidence, there is the positive evidence of two witnesses who purchased the intoxicating liquor from the defendant and paid him for it. There is a substantial conflict in the evidence, and the jury found, after hearing the witnesses testify and observing their demeanor on the stand, against the defendant, and the evidence is amply sufficient to sustain the verdict; therefore the court did not err in refusing to grant said motion.

3. The third error assigned is the refusal of the court to permit the deputy sheriff to testify relative to the results of his search of the premises of the defendant. It appears that the deputy sheriff searched the premises of the defendant four days after the alleged crime was committed, and it is claimed did not at that time find any liquor there. That evidence was wholly immaterial, for if the intention of the defendant was to prove that liquor was found there, then certainly the exclusion of the evidence was not prejudicial to him; and if he intended to prove that liquor was not found, it being four days after the alleged crime was committed, it would have no relevancy in establishing the fact that intoxicating liquors were not sold there four days before the search.

4. During the cross-examination of the defendant, the question was asked him whether he had not received shipments of intoxicating liquors, and he admitted that he had received one shipment, and only one, and the freight agent of the railroad company at Shoshone was a witness for the state in rebuttal, and presented four way or freight bills which indicated on their face that the defendant had been receiving intoxicating liquors by freight. When said witness was sworn, counsel for defendant objected to his testifying on the ground that his name was not indorsed on the information,

and it is contended, under the provisions of sec. 7656, Rev. Codes, that the court erred in permitting the witness to testify for that reason. Said section is as follows:

"All informations shall be filed during term, in the court having jurisdiction of the offense specified therein, by the prosecuting attorney as informant; he shall subscribe his name thereto and indorse thereon the names of the witnesses known to him at the time of filing the same; and at such time before the trial of any case as the court may by rule or otherwise prescribe, he shall indorse thereon the names of such other witnesses as shall then be known to him."

That section provides that the names of the witnesses known to the prosecuting attorney must be indorsed on the information at the time of filing the same, "and at such time before the trial of any case as the court may by rule or otherwise prescribe, he shall indorse thereon the names of such other witnesses as shall then be known to him." Under the provisions of said section this court held in *State v. Crea,* 10 Ida. 88, 76 Pac. 1013, that in case a witness' name had not been indorsed upon the information, a showing should be made by affidavit or otherwise that the name of such witness was not known to the prosecuting attorney at the time the information was filed, and in *State v. Barber,* 13 Ida. 65, 88 Pac. 418, that if additional witnesses to those whose names are indorsed on the indictment or information are discovered during the trial, the prosecuting attorney should be required to show where he obtained the information concerning such witnesses, and if the showing is sufficient, the court should then order the names of the witnesses placed on the indictment or information without delay, and that it was error to permit such additional witnesses to testify without their names being first indorsed on the indictment or information.

In *State v. Allen,* 20 Ida. 263, 117 Pac. 849, which was a case in which the name of the prosecuting witness and main witness in the case had not, through mistake or oversight, been indorsed on the information, this court held that said sec. 7656 did not mean that an information would be quashed or that the prosecution should in no case be permitted to have

the name indorsed upon the information after the same had been filed where good cause was shown at the time the application was made why the name was not indorsed thereon at the time the information was filed. In that case the court permitted the name of the prosecuting witness to be indorsed upon the information, and at the same time offered to grant a continuance giving the defendant time to procure any witnesses that he desired to procure.

That section of our statute is the same as sec. 2751 of the statutes of Nebraska, which was enacted in that state in 1885. (See Neb. Sess. Laws 1885, p. 397.) In 1888 the supreme court of that state had occasion to construe that statute in *State v. Huckins,* 23 Neb. 311, 36 N. W. 527. In that case the person accused of crime introduced witnesses to prove his good character, and the court held that the state might introduce witnesses in rebuttal although their names were not indorsed on the information, and based it on the ground that the question of character was collateral to the main issue, and being raised by the defendant the state could call witnesses in rebuttal without having their names indorsed on the information.

In *Kelley v. State,* 51 Neb. 572, 71 N. W. 299, the court held that a witness whose name is not indorsed on the information may be called on rebuttal and give testimony which is obviously and purely rebuttal, or on a subject first brought into the case in the evidence of the defense and which is in rebuttal and made necessary by such evidence introduced by the defense, but may not give testimony which is not directly and plainly rebuttal.

To the same effect is *McVey v. State,* 57 Neb. 477, 77 N. W. 1111; *Kastner v. State,* 58 Neb. 768, 79 N. W. 713.

It will be observed that said sec. 7656 provides as follows: "And at such time before the trial of any case, as the court may by rule or otherwise prescribe, he shall indorse thereon the names of such other witnesses as shall then be known to him." It is well known that in the trial of many criminal cases it is not known until after the trial has been begun what witnesses may be needed in rebuttal of the testimony produced on behalf of the defendant, and it would be utterly

impossible for the prosecuting attorney to indorse the names of witnesses that might be needed in rebuttal before he knew there was any necessity for such witnesses, and said section of the statute provides, first, that all names of witnesses known to the prosecuting attorney at the time he files the information must be indorsed thereon, and, second, he must indorse thereon the names of such other witnesses as may become known to him from the date of filing the information up to the time of the trial. But the names of this latter class of witnesses are not entitled to be indorsed upon the information except on proper showing to the court, and unless the contrary is shown, it will be presumed that such showing was made. No doubt, in certain cases the prosecuting attorney may not know the names of witnesses that may be most important in the trial of the case until after the trial has begun. And it was not the purpose of the legislature by the enactment of said section of the statute to prohibit the use of such witnesses, and in case it becomes necessary to use such witnesses, except on matters in rebuttal of the testimony produced by the defendant, the defendant ought to be given, on his application, a reasonable time to produce witnesses on his own behalf to meet the testimony of such witnesses, if he desires to do so.

Now, in the case at bar, on cross-examination, the defendant testified as follows: "I shipped whisky in once last summer, which was used in the shop for making mincemeat. I never got any whisky since that time." Q. "You never shipped in any whisky since that one time?" A. "No." In order to show that he had shipped in whisky more than once, the state in rebuttal produced the freight agent of the railroad company at Shoshone, who produced copies of way or freight bills, and he testified as follows: "This one is a freight-bill covering one keg of whisky, 100 lbs., shipped from Salt Lake City September 20th; arrived September 23d. The four are freight-bills, being four different shipments of whisky consigned to Manuel Silva" (the defendant). The agent proceeded to testify that he did not know what was in the shipments except from what was stated on the way-bills. The

defendant testified that he had received one shipment of whisky, and one only. The state did not know what he was going to testify to in that regard until he had testified, and did not know that there would be any necessity of attempting to contradict him until after he had testified that he had received but one shipment. This evidence of the agent was not in rebuttal of what defendant had testified to on his direct examination, but was in rebuttal of what he had testified to on cross-examination, and we think it comes sufficiently within the rule that the names of witnesses in rebuttal need not be indorsed upon the information. The court should in this regard protect the rights of the defendant and should not permit any witness to testify in rebuttal to matters not in rebuttal.

While it was necessary for the state to show that the defendant had sold intoxicating liquors in violation of the law, that fact was shown by the testimony of witnesses, without showing that the defendant had been receiving shipments of liquor by freight, and when the defendant testified himself that he had received only one shipment of liquor, I think it was proper rebuttal on the part of the state to show that he had received more than one such shipment. This court in *People v. Page*, 1 Ida. 189, defines rebutting evidence as follows: ''Now, rebutting evidence is defined to be that which is given to explain, repel, counteract or disprove facts given in evidence by the adverse party. . . . . '' Bouvier in his Law Dictionary, under the head of ''Rebutting Evidence,'' defines that kind of evidence as ''that evidence which is given by a party in a case to counteract or disprove facts which have been given in evidence by the other party.'' In *Davis v. Hamblin*, 51 Md. 525, the court defines rebutting evidence as that which repels or counteracts the effects of evidence which has preceded it. See, also, Words and Phrases, under the head of ''Rebutting Evidence.'' And further, under the provisions of sec. 6079, Rev. Codes, the opposite party may cross-examine the witness as to any facts stated in his direct examination ''or connected therewith,'' and as defendant testified that he had received only one shipment

of liquor, we do not think it was reversible error to permit the state to show that he had received other shipments of intoxicating liquors.

5. The said freight-bills were introduced in evidence over the objection of counsel for defendant. His objection was that said bills were not signed. It does not appear from the record that such bills are usually signed, and we are not sufficiently familiar with railroading to know whether they are usually signed or not. However, there was the direct evidence of the two witnesses who purchased intoxicating liquor from defendant, which evidence was corroborated by other facts and circumstances, and the witness admitted that he had received one shipment of whisky and claimed that he had used it in making mince-meat. While the shipping receipts were not absolutely necessary for the conviction of the defendant, they contradicted his testimony wherein he testified that he had received but one shipment.

6. The overruling of defendant's motion for a new trial is assigned as error. This is based on the ground of newly discovered evidence, irregularity in the selection of the jury and that the verdict is contrary to the evidence. The newly discovered evidence was the affidavit of the shipping clerk for the firm that shipped the whisky to Silva from Salt Lake City, to the effect that said firm did on the 3d day of August, 1910, ship to said defendant at Shoshone, Idaho, one keg containing ten gallons of whisky, weighing 100 pounds. He does not swear whether that firm made him more than one shipment or not. This so-called newly discovered evidence was admitted and testified to by the defendant on the trial. This newly discovered evidence is not sufficient on which to grant a new trial, and the irregularities of the selection of the jury have been disposed of above.

Counsel contends that the defendant established an *alibi*, as several persons testified that he was not in his shop at about 10 o'clock when other witnesses testified that they purchased whisky from him at his shop at that time. There is a direct conflict in the testimony as to whether Silva was at the shop at the time or not. There being a substantial con-

flict in the evidence on that point and the jury having passed upon it, under the well-settled rule of this court, the verdict of the jury will not be disturbed. Where there is substantial evidence to support a verdict, this court has no authority to set it aside. (Sec. 4824, Rev. Codes.)

Under the provisions of sec. 8236, Rev. Codes, it is provided that neither a departure from the form or mode prescribed by the code in respect to any pleading or proceeding nor any error or mistake therein renders it invalid, unless it has actually prejudiced the defendant, or tended to his prejudice in respect to a substantial right. We do not find in the record any error in the proceedings that has prejudiced any substantial right of the defendant. It was held in *State v. Marren,* 17 Ida. 766, 107 Pac. 993, that if the evidence of the defendant's guilt is satisfactory, that is, such as ordinarily produces a conviction in an unprejudiced mind, beyond a ·reasonable doubt, and the result could not have been different had the instruction been omitted, the case would not be reversed because of such erroneous instruction.

The judgment must be *affirmed,* and it is so ordered.

Stewart, C. J., concurs.

AILSHIE, J., Concurring.—I concur in the conclusion reached that the judgment should be affirmed. I do not rest my conclusions, however, on the grounds stated and principles of law as enunciated in the foregoing opinion. I especially desire to withhold my assent from the anomalous doctrine advanced in subdivision 4 of the opinion.