[No. 12414.　Department One.　January 27, 1915.]

THE STATE OF WASHINGTON, *Respondent*, v. EDWARD

HAYNES, *Appellant*.[1]

CRIMINAL LAW—TRIAL—JOINDER OF DEFENDANTS—VERDICT — CON-
SISTENCY.　Upon a joint information for grand larceny, evidence
that one of the accused took from the person of the prosecuting wit-
ness at least $24.70, and other evidence that he took $34.70 and gave
$10 of it to his codefendant, warrants a verdict of guilty as to such
defendant, although his codefendant was acquitted; since his guilt
is not inconsistent with the innocence of his codefendant.

Appeal from a judgment of the superior court for King
county, Mackintosh, J., entered July 7, 1914, upon a trial
and conviction of grand larceny.　Affirmed.

*Jno. Mills Day*, for appellant.

*John F. Murphy* and *Louis T. Silvain*, for respondent.

PARKER, J.—Edward Haynes and George Brenzel were
jointly charged by information with the crime of larceny from
the person of Frank Brooks, under Rem. & Bal. Code, § 2605
(P. C. 135 § 703), defining grand larceny.　They were tried
jointly before the court and a jury, resulting in a verdict of
not guilty as to Brenzel and a verdict of guilty as to Haynes,
upon which verdict of guilty Haynes was sentenced to impris-
onment.　From this judgment and sentence, he has appealed.

The evidence tended to show that Haynes committed the
offense as charged, by actually taking at least $24.70 from
the person of Brooks; and also tended, but we think not so
strongly, to show that the amount so taken by Haynes from
the person of Brooks was $34.70, and that immediately after-
wards he gave to Brenzel, and Brenzel accepted, a ten dollar
bill of the money so taken.　The acceptance of this bill by
Brenzel was the main fact relied upon by the prosecution to
show his guilt.　The jury, however, evidently arrived at the

[1]Reported in 145 Pac. 634.

conclusion that Haynes took from the person of Brooks only $24.70, and did not give to Brenzel, and that Brenzel did not accept, the ten dollar bill as claimed by the prosecution. Manifestly it was upon this theory that the jury convicted Haynes and acquitted Brenzel.

Counsel for appellant, Haynes, contends that the finding of Brenzel not guilty by the jury is so inconsistent with the finding of Haynes guilty, as to render the conviction of Haynes without legal support, in view of the joint charge and the evidence tending to show joint participation in the commission of the offense. Counsel invokes the rule that: "If the acquittal of one shows the other to be innocent, the verdict is contradictory; and though in terms it pronounces those thus appearing innocent to be guilty, it will not sustain a judgment against them," as stated in 1 Bishop's New Criminal Law, § 800. This rule is applicable where only two persons are alleged to be participants in a conspiracy, and the jury find one guilty and the other innocent; or where two defendants are jointly indicted for larceny of a single article of personal property, and the jury convict one of grand larceny and the other of petit larceny, where the distinction rests alone upon the value of the stolen property. In such cases, of course, both are necessarily equally guilty or innocent. We think this doctrine is of no aid to counsel for appellant in his contention here made, for the evidence as a whole is, we think, more convincing that Haynes actually took from the person of Brooks at least $24.70, than that he so took $34.70 and gave $10 thereof to Brenzel. Under such conditions, the guilt of Haynes is not necessarily inconsistent with the innocence of Brenzel.

Counsel cite and rely upon *Davis v. State*, 75 Miss. 637, 23 South. 770, 941, where two persons were indicted for a misdemeanor and the testimony was exactly alike as to both, from which the court concluded that both or neither was guilty; observing, at page 641, as follows:

"The general rule that where two are jointly indicted for the same offense, it not being in its nature a joint offense, the jury may acquit one and convict the other, or disagree as to the other is, of course, admitted. That is a mere rule of pleading and practice. They may, but when? Only when the evidence warrants it. They may believe one witness and disbelieve another; they may accept circumstances against positive testimony; where there is the slightest difference in the testimony as between the two, they weighing that testimony may make the difference. But in a case like this, where the whole testimony is that of a single witness in every particular the same against one as the other, it is not legally possible that a verdict which distinguishes is a response to the evidence."

Counsel also cites and relies upon *State v. Wilson*, 3 McCord (S. C.) 117, where there was under consideration a charge of larceny against two defendants, one of whom was found by the jury guilty of grand larceny, and the other guilty of petit larceny, the distinction between those crimes resting alone upon the value of the property taken and the evidence showing that both joined in the taking of all of the property or none. Of course, there could not be a different measure of value of the property in the hands of one from its value in the hands of the other.

Counsel for appellant does not contend that there is a want of sufficient evidence to sustain the verdict of guilty as against Haynes, apart from his contention resting upon the theory of the guilt of one being inconsistent with the innocence of the other.

We are of the opinion that the judgment against appellant Haynes must be affirmed. It is so ordered.

MORRIS, C. J., MOUNT, CHADWICK, and HOLCOMB, JJ., concur.