(December 22, 1919.)

## STATE, Respondent, v. MARTIN MUSHROW, Appellant.

### [185 Pac. 1075.]

CRIMINAL LAW—EVIDENCE—REBUTTAL—NEW TRIAL—EXCEPTION—BILL OF EXCEPTIONS—ERRORS ASSIGNED AND NOT DISCUSSED.

1. Rebuttal evidence in criminal cases is that which is given by the state to explain, repel, counteract or disprove evidence introduced by or on behalf of the defendant.

2. Where it is not shown by the record that a defendant is surprised or placed at a disadvantage or denied the opportunity of contradicting or explaining evidence admitted as rebuttal, its admission is not an abuse of the trial court's discretion and is not reversible error.

3. An order denying a motion for a new trial is not reviewable on appeal where no exception to the order was saved and the point is not presented by a bill of exceptions.

4. Errors assigned but not discussed will not be reviewed where no erroneous ruling appears upon the face of the objections.

APPEAL from the District Court of the Eighth Judicial District, for Bonner County. Hon. John M. Flynn, Judge.

Conviction for selling intoxicating liquor in violation of law. *Affirmed.*

Wm. J. Costello and O. J. Bandelin, for Appellant.

The state should not have been allowed to put on witnesses to testify regarding the chute and trap-door and offer the same as rebuttal testimony, when it would be impossible for the appellant Mushrow to meet the issue at that time. (*State v. Waln,* 14 Ida. 1, 4, 80 Pac. 221.)

With this newly discovered evidence it is reasonably probable that a different verdict would result, and the affidavits are unquestionably sufficient to entitle appellant to a new trial. (*State v. Lumpkin,* 31 Ida. 175, 169 Pac. 939.)

Roy L. Black, Attorney General, and C. S. Hill, Assistant, for Respondent.

Any evidence which tends to antagonize or confute new facts introduced by the adverse party at the next previous stage, whether given by himself or by his other witnesses, or on cross-examination, is properly admissible as rebuttal evidence. (Chamberlain's Handbook on Evidence, sec. 173; *Thomas v. State*, 150 Ala. 31, 43 So. 371; *Roberts v. Terre Haute Electric Co.*, 37 Ind. App. 664, 76 N. E. 323, 895.)

Where the action of the trial court in overruling a motion for a new trial is assigned as error, the same cannot be considered by the supreme court on appeal unless the record shows that an exception was saved to the action complained of and presented to the supreme court by a bill of exceptions duly settled as required by law. (C. S., sec. 9008; *State v. Smith*, 4 Ida. 733, 44 Pac. 554; *State v. Maguire*, 31 Ida. 24, 169 Pac. 175; *State v. Crawford*, 32 Ida. 165, 179 Pac. 511; *State v. Ray*, 32 Ida. 363, 182 Pac. 857.)

Where the appellant assigns errors in his brief on appeal, but fails to discuss the same either in the brief or his oral argument and cites no authorities in support thereof, the same will be treated as waived and will not be considered upon appeal. (*Davenport v. Burke*, 27 Ida. 464, 149 Pac. 511; *State v. Lundhigh*, 30 Ida. 365, 164 Pac. 690. )

BUDGE, J.—From a judgment of conviction for selling intoxicating liquor in violation of law, and from an order overruling a motion for a new trial, this appeal is prosecuted.

Six errors are assigned, the first three of which attack the ruling of the court in admitting certain evidence.

Appellant testified that the room in the hotel operated by him in which, it had been testified, the intoxicating liquor was sold to certain of the state's witnesses was a bedroom. In rebuttal the court permitted certain witnesses for the state to testify that under a rug in this room was a trap-door opening to a chute leading to a piece of radiator in the basement, there being in the upper end of the chute a small compart-

ment, the bottom of which was a spring-door, so constructed that when the door was unhooked anything in the compartment would go down the chute, strike against the radiator and if breakable would break.

It is insisted by appellant that the admission of this evidence was error, for the reason that it was not proper rebuttal.

Appellant's testimony that the room was a bedroom created a plausible and forcible inference that this room was not used for the sale of intoxicating liquor. This testimony gave a new character to the evidence, which it was not necessary for the state to have anticipated, and the evidence on the part of the state was admissible for the purpose of overcoming the inference created thereby, by showing that the room was equipped to carry on an illicit traffic in intoxicating liquor. Rebuttal evidence in criminal cases is that which is given by the state to explain, repel, counteract or disprove evidence introduced by or on behalf of the defendant. The evidence complained of in this case comes clearly within this rule. (*People v. Page,* 1 Ida. 189, at 194, 195.)

The author of this opinion and Justice Rice are of the opinion that the evidence complained of was properly admissible as rebuttal evidence under the foregoing rule, yet even if it were not strictly rebuttal evidence, its admission or exclusion rested in the discretion of the trial court, provided the defendant had a fair opportunity to meet the evidence. (C. S., sec. 8941, subd. 4; *State v. Ellington,* 4 Ida. 529, at 536, 43 Pac. 60.)

There is nothing in the record before us to show that the appellant was surprised or placed in a position of disadvantage or denied the opportunity of contradicting or explaining the testimony complained of, or that he was unprepared to do so. He neither claimed surprise, nor asked for a continuance to enable him to better meet the state's evidence. Reversible error cannot be predicated upon such a situation. This is the rule supported by the authorities generally. (3 Wigmore on Evidence, sec. 1873, and cases cited in note 1, pp. 2475, 2476, among which *State v. Lawrence,*

70 Vt. 524, 41 Atl. 1027, and *State v. Webb,* 18 Utah, 441, 56 Pac. 159, are particularly in point.)

In the latter case the court said:

"It is a general rule of practice that the testimony in reply should be confined to a rebuttal of the evidence in chief; yet the court may, at its discretion, relax the general rule, and, when this is done, the action of the court in that regard is not assignable as error, unless it affirmatively appears from the record that the party complaining was, by the exercise of such discretion, placed in a position of disadvantage in the further progress of the trial. . . . . The record does not disclose that the defendant was taken by surprise, or otherwise placed in a position of disadvantage, or that he was denied the opportunity of either contradicting or explaining the testimony complained of, or that, by reason of the relaxation of the general rule of practice, he was unprepared to do so. The only ground of the objection to this testimony was that it was not in rebuttal of the evidence adduced by the defendant. The record shows that the defendant introduced evidence in surrebuttal. As no abuse of the court's discretion in the premises is shown, the objection under consideration is not tenable."

The only case relied upon by appellant is *State v. Waln,* 14 Ida. 1, 80 Pac. 221. A careful reading of that case, however, discloses that it is in harmony with the authorities above cited.

The fourth assignment of error is predicated upon the ruling of the court denying appellant's motion for a new trial. No exception was saved to this ruling, nor is the same presented here by a bill of exceptions. That being true, it is not here for review. (C. S., sec. 9008; *State v. Smith,* 4 Ida. 733, 44 Pac. 554; *State v. Maguire,* 31 Ida. 24, 169 Pac. 175; *State v. Crawford,* 32 Ida. 165, 179 Pac. 511; *State v. Ray,* 32 Ida. 363, 182 Pac. 857.)

Assignments 5 and 6 were not discussed upon the oral argument, nor in appellant's brief. No affirmative reason is given why the rulings complained of are erroneous and none appear upon the face of the objections. It is, therefore, un-

necessary to further consider them. (*State v. Wetter,* 11 Ida. 433, 83 Pac. 341; *People v. Breen,* 130 Cal. 72, 62 Pac. 408, at 410; *People v. Woon Tuck Wo,* 120 Cal. 294, 52 Pac. 833; *People v. McLean,* 84 Cal. 480, 24 Pac. 32; *People v. Gibson,* 106 Cal. 458, 39 Pac. 864; *People v. Valencia,* 27 Cal. App. 407, 150 Pac. 68.)

The judgment and order appealed from are affirmed.

Rice, J., concurs.

MORGAN, C. J., Concurring.—I have carefully considered the entire record and agree with the district judge that a new trial of this case should be denied.