## STATE, Respondent, v. FRANK S. JACKETT, Appellant.

### [264 Pac. 875.]

CRIMINAL LAW — INDICTMENT AND INFORMATION — WHEN A SEVERAL CHARGE — LARCENY — EVIDENCE — WITNESSES — JURY'S RIGHTS TO BELIEFS—POSSESSION OF RECENTLY STOLEN PROPERTY.

1. Information, though joint in form, is regarded as a several charge against each defendant, where it charged an offense which may be committed by one person alone.

2. Where information against two is in effect a several charge against each, it charging an offense that may be committed by one alone, one may be convicted, though the other be acquitted.

3. Evidence on prosecution of two for theft of a cow, in view of jury's right to believe defendants' witnesses mistaken in part, or to disbelieve them in whole, *held* to support conviction of one, though the other be acquitted.

4. Unexplained possession of recently stolen property is a circumstance to be considered by the jury, from which guilt of defendant may be inferred.

5. If the jury believed that, to sustain an innocent possession of recently stolen goods, defendant produced untruthful evidence of title, this would be a fact that they had a right to consider.

APPEAL from the District Court of the Ninth Judicial District, for Jefferson County.　Hon. George W. Edgington, Judge.

Defendant appeals from a judgment of conviction of grand larceny.　*Affirmed.*

Publisher's Note.

4. Possession of stolen property as evidence of guilt, see notes in 70 Am. Dec. 447; 101 Am. St. 481; 12 L. R. A., N. S., 199. See, also, 17 R. C. L. 71.

Criminal Law, 16 C. J., sec. 2591, p. 1104, n. 97.
Indictments and Informations, 31 C. J., sec. 319, p. 757, n. 67.
Larceny, 36 C. J., sec. 427, p. 867, n. 49; sec. 483, p. 899, n. 34; sec. 528, p. 921, n. 60.

E. M. Holden, for Appellant.

The verdict of guilty found against appellant and the judgment of conviction rendered and entered against appellant are contrary to law, in this: That the jury could not, under the rule of law announced and laid down by this court as early as the year 1900, ignore the explanation contained in the record of the possession of the animal in question by the appellant, and under the rule so announced and laid down, the verdict of guilty rendered by the jury against the appellant will not be permitted to stand. (*State v. Seymour*, 7 Ida. 257, 61 Pac. 1033; *State v. Marquardsen*, 7 Ida. 352, 62 Pac. 1034.)

The most that could be claimed by the state for the evidence in the case at bar would be that the evidence is as strong against the appellant as against Charles E. Brosig; therefore, the jury having acquitted Brosig, the verdict of guilty rendered by the jury and the judgment of conviction entered against the appellant should be set aside. (*Davis v. State*, 75 Miss. 637, 23 So. 770.)

Frank L. Stephan, Attorney General, and Leon M. Fisk, Assistant Attorney General, for Respondent.

Unexplained possession of stolen property is a circumstance or deduction of fact to be considered by the jury. (*State v. Sanford*, 8 Ida. 187, 67 Pac. 492; *State v. Bogris*, 26 Ida. 587, 144 Pac. 789; *State v. Janks*, 26 Ida. 567, 144 Pac. 779.)

A verdict based upon substantial conflicting evidence will not be disturbed. (*State v. Shepard*, 39 Ida. 666, 229 Pac. 87; *State v. Brassfield*, 40 Ida. 203, 232 Pac. 1; *State v. Bond*, 12 Ida. 424, 86 Pac. 43; *State v. Abbott*, 38 Ida. 61, 213 Pac. 1024, 224 Pac. 791.)

Evidence justifying the possession of stolen property must not be absurd, unreasonable or unsatisfactory, or the jury may be warranted in disregarding the same. (Underhill on Crim. Ev., 3d ed., p. 679, sec. 470.)

TAYLOR, J.—Appellant, charged with one Brosig with the larceny of a cow, was found guilty while Brosig was acquitted. Appellant assigns insufficiency of the evidence to sustain his conviction, urging inconsistency of such a conviction with the acquittal of his co-defendant.

[1, 2] An information, though joint in form, is regarded as a several charge against each defendant, where it charges an offense which may be committed by one person alone. (31 C. J., p. 757, sec. 319.) And one defendant may be convicted thereunder, although another is acquitted. (16 C. J., p. 1104, sec. 2591; *State v. Haynes,* 83 Wash. 660, 145 Pac. 634.)

The alleged owners of the animal identified it as theirs and testified that they had not disposed of it to appellant or anyone else. Other witnesses identified it, and testified that appellant had shipped it, with other cattle, to a firm in Utah.

[3] Defendants adduced evidence tending to prove that the animal described in the information had been raised and owned by a defense witness, sold to appellant's co-defendant, Brosig, and by him traded to appellant. Appellant argues that since the jury exonerated Brosig, it could not lawfully have found appellant guilty, since, if Brosig be innocent of larceny, appellant, who procured the animal from Brosig, cannot be guilty. Such position assumes the truth of the evidence of the defense witnesses, and the accuracy of their identification of the animal, and the untruth, or at least mistaken identification, of the state's witnesses.

The jury may have believed that Brosig bought an animal identified by him and the previous owner and other witnesses as the one in controversy, and traded it to Jackett, but that in fact such animal was not the same one as the one in controversy, and have believed the state witnesses that the animal identified by them was theirs, and was a stolen animal found in the possession of defendant, and not the same animal testified to by Brosig and defense witnesses; in other words, that defendants' witnesses were

mistaken as to the particular animal, and that it was not the same one, and never was in possession of Brosig; or, they may have disbelieved the defense witnesses entirely.

[4, 5] It is contended that the mere possession and sale of the animal was insufficient upon which to convict the defendant. Unexplained possession of recently stolen property is a circumstance to be considered by the jury, from which the guilt of the accused may be inferred. (*State v. Bogris*, 26 Ida. 587, 144 Pac. 789; *State v. Sanford*, 8 Ida. 187, 67 Pac. 492.) If the jury believed that, to sustain an innocent possession, the defendant produced untruthful evidence of title, this would be a fact that they had a right to consider.

Other evidence, unexplained, and its admission not complained of here as error, tended to establish that other cattle stolen from the same neighborhood were found with this animal in Utah.

The jury evidently believed the state's witnesses. There is a direct conflict in the evidence and sufficient evidence to support the verdict. The judgment is affirmed.

Wm. E. Lee, C. J., and Budge, Givens and T. Bailey Lee, JJ., concur.