254 P.2d 677

**STATE v. HEWITT.**

No. 7914.

Supreme Court of Idaho.

Feb. 3, 1953.

Rehearing Denied March 31, 1953.

Jack M. Murphy, Shoshone, for appellant.

454

Robert E. Smylie, Atty. Gen., J. R. Smead, Asst. Atty. Gen., Joseph McFadden, Pros. Atty., Hailey, for respondent.

THOMAS, Justice.

Appellant was charged with and convicted of burglarizing the Kilpatrick Bros. Co. general store at Picabo, Blaine County, Idaho, in the nighttime on or about January 1, 1952.

A complete inventory of the merchandise in the store had been taken on Sunday, December 30, 1951. The store was open for business as usual the following day. On Tuesday, January 1, 1952, the store was closed. Mr. Atkinson, the store manager, was in the store on that day at about 5:30 P.M. to take care of the stoker. He examined the store at that time and found nothing out of order or missing. The following morning about 7 o'clock it was determined that the store had been burglarized and considerable merchandise taken. Most of this merchandise was found in the

possession of the appellant and one Don Stone at Ogden, Utah, where they resided, on or about January 11, 1952. The evidence, so far as material, relative to the circumstances concerning and the evidence given about such possession will be discussed later in connection with specific errors assigned.

On December 31, 1951, defendant and Stone drove to Ketchum, Idaho, in a Buick car owned by defendant; they came by way of Pocatello and Arco. Defendant testified that they also went to Shoshone and that he thought he remembered a town by the name of Carey enroute but did not remember Picabo; defendant further testified they did not stop enroute between Arco and Ketchum nor did they seek any information about directions, although he was under the impression they stopped somewhere to get gasoline.

In accounting for their time and actions while at Ketchum and Sun Valley, defendant testified they looked around the first night, arose late the next day and that evening about 7 o'clock he let Stone take his car to pick up a date; that Stone returned between midnight and one o'clock and they then returned to Ogden over the same route they had taken in going, without stopping until within forty miles of Ogden; Stone did the driving and defendant slept most of the way; they arrived in Ogden the morning of January 2, 1952; defendant fixed the time as between 6 and 7 o'clock A.M.,

while Stone fixed the time at about 8 o'clock A.M.

They drove to the home of defendant who got out and Stone then drove the car to his home, returning to the home of defendant later in the day. Upon his return, so defendant testified, he advised he had purchased some merchandise which he had in the trunk of the car at that time and, upon request, defendant agreed to help him sell it; all of the merchandise was taken from the car and placed in the home of defendant; some of the merchandise was sold by defendant and Stone, defendant receiving payment therefor; later, under authority of a search warrant, much of this merchandise was taken into possession by the officers of Ogden, Utah. Stone testified that he ran into two men in Ogden on the afternoon of January 2, 1952, whom he had seen in Sun Valley and that he purchased the merchandise from them. Other aspects of the testimony will be further related and discussed in connection with the errors assigned.

On appeal from the judgment of conviction appellant assigns as error the action of the court in overruling appellant's objection to the admission of certain testimony; also in refusing to give an instruction as requested by appellant and also makes numerous assignments of error directed at the insufficiency of the evidence to support the verdict and judgment.

Following the introduction of evidence of the burglary which occurred after 5:30 P.M. on January 1, 1952, and prior to 7:00 A.M. January 2, 1952, the State's case in chief was further developed by testimony concerning the identity and location of the merchandise which was taken from the home of defendant under search warrant on January 11, 1952; the officers of Ogden, Utah, as State witnesses, testified that defendant first denied that he knew anything about the property or that any of it was in his possession; that he stated to the officers that he did not return to Ogden with Stone but that he hitch-hiked (he admitted on the witness stand that he did not hitch-hike but that he returned to Ogden in his own car and with Stone); these officers further testified that defendant on further questioning admitted possession of the goods and that he had received the property from Stone innocently and only for the purpose of helping Stone sell it; that he did not know the property was stolen; the officers testified further that among the articles recovered were some billfolds found in the glove compartment of defendant's car, also a gun hidden in his garage which, upon questioning, he located and gave to the officers, and an electric blanket which was found on a bed in his house.

It is urged that the court erred in overruling the objection of defendant to the evidence of the witness Atkinson called on rebuttal on the ground it was not proper rebuttal, but impeaching without proper foundation.

As to this matter, Atkinson testified that he saw Stone in the court room in Ogden, Utah, several days after the robbery, where he was being arraigned for burglary committed in Ogden; he was then asked if he had ever seen Stone previously; following his affirmative answer a general objection to such line of questioning was made on the ground that it was only collateral and without bearing on the case; in the absence of the jury the prosecuting attorney stated that he made the offer of proof purely for the purpose of impeachment; that appellant had in effect testified that he had never been through Picabo; that the witness Atkinson had identified Stone in Ogden and that he would testify that he also saw Stone in the store at Picabo on the night defendant and Stone were together enroute to Sun Valley. The court then overruled the objection and the witness proceeded to testify that he saw Stone in his store on December 31, 1951 between 6 and 6:30 P.M.; that Stone was then driving a dark Buick car and there were two other persons in it; that Stone came into the store and asked if he were on the road to Sun Valley and also inquired how far it was to Sun Valley.

It is urged that the ruling of the court in admitting such evidence constituted reversible error for the reason that such was impeachment evidence and was offered for

impeachment purposes without laying a proper foundation and otherwise without complying with the statute, Sec. 9–1210, I.C.; that such testimony was not rebuttal and did not contradict the testimony of defendant; that it was upon matters immaterial and collateral.

Stone's testimony did not reveal the entire route taken in going from Ogden to Sun Valley and return; his testimony is to the effect that he and the defendant travelled through Pocatello and Arco but he offered no testimony as to the route taken from Arco to Sun Valley. On returning to Ogden, his statement is to the effect they returned the same way they came up. The defendant testified that they went from Ogden to Sun Valley in his car by way of Pocatello, Arco and Shoshone and that they returned the same way; he further in effect testified they did not go through Picabo and they did not stop enroute between Arco and Ketchum nor did they seek any information about directions, although he was under the impression they stopped somewhere for gasoline, and that they did not stop in returning to Ogden until they were within forty miles of Ogden; Stone fixed the time of arrival at Sun Valley as about 6 o'clock P.M. while the defendant fixed it as the afternoon of December 31, 1951, and the operator of the motel at which they registered fixed the time as in the evening of that day; Atkinson, when called on rebuttal, testified that Stone, whom he had identified, was driving a dark

Buick car and that he stopped at the store between 6 and 6:30 on the evening of December 31, 1951, and made inquiry as to whether or not he was on the proper road to Sun Valley and also as to what the distance was; Atkinson further testified that when the car stopped near the store there were two other people in it and that Stone was the driver of the car.

Rebutting evidence is that which is given to explain, repel, counteract or disprove testimony or facts introduced by or on behalf of the adverse party, State v. Mundell, 66 Idaho 339, 158 P.2d 799; State v. Martinez, 43 Idaho 180, 250 P. 239; State v. Mushrow, 32 Idaho 562, 185 P. 1075; State v. Silva, 21 Idaho 247, 120 P. 835; either the prosecution or the accused is ordinarily entitled to rebut the evidence of the other by any competent testimony which explains, counteracts, repels or disproves such testimony, State v. Ayres, 70 Idaho 18, 211 P.2d 142; State v. Mundell, supra; State v. Orr, 53 Idaho 452, 24 P.2d 679; State v. Monteith, 53 Idaho 30, 20 P.2d 1023; State v. Fox, 52 Idaho 474, 16 P.2d 663; State v. Smailes, 51 Idaho 321, 5 P.2d 540; State v. Martinez, supra; State v. Mushrow, supra; 23 C.J.S., Criminal Law, § 1050, p. 450.

Courts take judicial notice of towns and villages, their location and the distance between them, Flock v. J. C. Palumbo Fruit Co., 63 Idaho 220, 118 P.2d 707; 31 C.J.S., Evidence, § 33(e), p. 587; Picabo is located

458

a short distance north and west of Carey and on a direct and the shortest route to Ketchum, on an improved highway some 32 miles distant; to go by way of Shoshone would necessitate 54 additional miles of travel; defendant testified that they arrived at Ketchum in the afternoon; Stone established the time of arrival as about 6 o'clock P.M.; the operator of the motel fixed the time of registration as the evening of December 31, 1951. If they were in Picabo between 6 and 6:30 P.M. they could have registered at the motel in Ketchum that evening, but not in the afternoon or at 6:00 P.M. The evidence above detailed contradicts and disproves the testimony of the defendant in several material respects; it has a tendency to disprove his testimony not only as to the time he arrived in Sun Valley but also his testimony that they did not go through Picabo, either in going to or returning from Sun Valley nor stop enroute between Arco and Sun Valley on either occasion; it would also strongly tend to counteract and disprove testimony as to his explanation of possession of stolen goods and to overcome the inferences developed by the defendant in these respects and was admissible on rebuttal for such purposes.

Fundamentally, the order of proof in a criminal prosecution rests in the sound discretion of the trial court, State v. Vanek, 59 Idaho 514, 84 P.2d 567; State v. Brassfield, 40 Idaho 203, 232 P. 1; 23 C.J.S., Criminal Law, § 1045, p. 441; Sec. 19-2101

(4), I.C.; moreover, the admission or exclusion of evidence on rebuttal rests largely in the sound discretion of the trial court, State v. Mundell, 66 Idaho 339, 158 P.2d 799; State v. Orr, 53 Idaho 452, 24 P.2d 679; 23 C.J.S., Criminal Law, §§ 1050-1051, pp. 454-455; 20 Am.Jur., § 277, p. 263.

It is further urged in this connection that it was error to receive such testimony in evidence over objection, because it was offered for impeachment purposes, not rebuttal, and was not admissible for such purposes. While the offer made by the prosecuting attorney sets forth it was made for the purpose of impeachment, the prosecuting attorney went on to explain in the offer that the defendant had testified to the effect he had never been through Picabo and that he wanted to offer such proof of Atkinson to show that Atkinson had identified Stone while he was in Ogden as a person who came to his store in the evening of December 31, 1951, the night that Stone and defendant were enroute to Sun Valley. The purpose of the offer of proof as stated by the prosecuting attorney, when considered in its entirety, reveals that the testimony was not offered for purposes of impeachment but for purposes of rebuttal; even though such testimony was not strictly and entirely rebuttal evidence, either its admission or exclusion rested in the discretion of the trial court, provided the appellant had a fair opportunity to meet such evidence. State v. Mush-

row, supra; State v. Orr, 53 Idaho 452, 24 P.2d 679. The record does not disclose that appellant was surprised or claimed surprise or was placed in a disadvantageous position or denied the opportunity of explaining the testimony complained about or of contradicting it or that he was in any way unprepared to do either; he did not seek a continuance to enable him to better meet such evidence if it could have been done but did through counsel state before proceeding with cross-examination of the witness that he wanted to reserve his objection as originally made, yet wanted to cross-examine the witness which he proceeded to do. Under this state of the record we find nothing upon which reversible error may be predicated. State v. Orr, supra; State v. Mushrow, 32 Idaho 562, 185 P. 1075; State v. Ellington, 4 Idaho 529, 43 P. 60; State v. Waln, 14 Idaho 1, 80 P. 221; see also § 19–2101(4), I.C.

It is urged that the State through the testimony of the officers of Ogden, Utah, proved that appellant came into possession of recently stolen property innocently; appellant insists that the State is bound by such evidence explaining his possession; furthermore, that if not bound, the State, upon whom the burden rests to show that such exculpatory evidence was false, failed to show that his explanation of conscious though innocent possession was false. Appellant relies upon State v. Darrah, 60 Idaho 479, 92 P.2d 143.

The Darrah case upon which appellant so strongly relies is readily distinguishable from the case at bar. In that case, as here, the defendant was in conscious possession of recently stolen property; and, as here, the defendant gave a statement to the officers explaining his possession, stating that he had bought the stolen property from a third party. In the Darrah case, however, the defendant did not take the witness stand and the only evidence in the entire record concerning an explanation of the possession of the property was that adduced by the State and given by the officers in which they related what the defendant had told them. Such evidence, standing alone, did not show or even tend to show that the defendant's statement in respect to such possession was false and hence the court held that the evidence was not sufficient to sustain a conviction.

In the instant case the officers did testify as to the explanation of the possession as given to them by appellant. From this point forward the Darrah case and the present case can be distinguished. Here the appellant was a witness in his own behalf and the State did not rely upon his explanation of possession of recently stolen property nor upon the statement that he made to the officers concerning his possession.

The evidence adduced by the witness Atkinson, on rebuttal, contradicted the testimony of appellant in many obvious, material respects and tends to contradict appellant's explanation of possession of recently stolen property. State v. Darrah, being

460

readily distinguishable both on the facts and law applicable, cannot be applied here.

■ Unless the possession of recently stolen property is satisfactorily explained there arises a presumption of guilt, State v. Gilbert, 65 Idaho 210, 142 P.2d 584; State v. Brassfield, 40 Idaho 203, 232 P. 1; State v. Ireland, 9 Idaho 686, 75 P. 257; moreover, where an attempt to explain such possession is made it must be reasonable, probable and consistent with the circumstances surrounding and the facts proven relating to possession, State v. Davis, 57 Idaho 413, 65 P.2d 1385; State v. Curtis, 29 Idaho 724, 161 P. 578; again, whether the account given with reference to possession was true or false and unreasonable is for the jury to determine, State v. Jackett, 45 Idaho 720, 264 P. 875; State v. Ireland, supra.

■ It is urged that the court erred in refusing to give defendant's requested instruction No. 3 relating to the burden resting upon the State to show that the explained innocent possession of recently stolen property is false, otherwise a verdict of acquittal must be returned. All questions raised and presented by this requested instruction were fully, fairly and substantially covered in instructions No. 13 and No. 14 given by the court. It is not error to refuse to give a requested instruction even though it be conceded that the requested instruction was correct, where the court sufficiently covered the subject matter thereof by instructions given. Goetz v. Burgess, 72 Idaho 186, 238 P.2d 444.

The remaining errors assigned, as well as some which have been heretofore disposed of, relate to the insufficiency of the evidence to sustain the verdict or judgment. In this respect it is contended that there was no proof that defendant broke into or entered the store, or that he was at or near the scene of the crime, or was there any proof that he intended to or did commit the crime of larceny, or that his conscious possession of the goods was in bad faith.

We have heretofore disposed of the matter of the testimony relative to the explanation of the conscious possession of recently stolen property and will not discuss it further.

■ The contention that there is a failure of proof that defendant broke and entered into the store or that he was in the neighborhood of the scene or area of the crime is in effect urging that defendant had nothing to do with the commission of the crime of burglary or aided, abetted or encouraged its commission. There can be no doubt nor is it contended that the crime of burglary was not committed. If appellant was connected with such burglary, it is not necessary that he himself actually entered the premises burglarized to be guilty of first-degree burglary as a principal, State v. McCandless, 70 Idaho 468, 222 P.2d 156; State v. Kleier, 69 Idaho 278, 206 P.2d 513; this is so because all persons concerned in the commission of such crime, whether they directly commit the act constituting the offense or aid and abet in its

commission, or, if not present, have advised and encouraged its commission, are principals in such crime so committed, State v. Kleier, supra; Sec. 18–204, I.C.

The contention of appellant that there was no proof he intended to commit the crime of larceny is without merit. Whether the defendant entered the store with the intent to commit larceny is a question of fact for the jury, State v. Bull, 47 Idaho 336, 276 P. 528; State v. Dwyer, 33 Idaho 224, 191 P. 203; People v. Kittrelle, 102 Cal.App.2d 149, 227 P.2d 38; as a general rule such intent is not susceptible of direct proof but must be proved by the acts, conduct and circumstances connected with the crime charged from which it may fairly be inferred, People v. Carter, 130 Cal.App. 95, 19 P.2d 843, 12 C.J.S., Burglary, § 55, p. 731.

With reference to the contention of appellant that there was no proof that the crime of larceny was committed, suffice to say that the defendant was not charged with the commission of the crime of larceny; he was charged with but one offense, that is, burglary; the crime of burglary was complete upon entry of the store with intent to commit larceny. State v. Vanek, 59 Idaho 514, 84 P.2d 567; People v. Kittrelle, supra; 12 C.J.S., Burglary, § 2, p. 667, note 41.

Finally, with reference to all errors assigned challenging the sufficiency of the evidence to support the verdict and judgment, it is only necessary in disposing of such errors to state that where the evidence is in conflict but is sufficient to sustain a conviction of the crime charged, as it is here, the verdict of the jury, whose exclusive province it is to pass upon the facts, will not be disturbed on appeal. State v. Eikelberger, 71 Idaho 282, 230 P.2d 696.

We have examined the entire record and considered all errors assigned and urged, but find no reversible error. The judgment of conviction is affirmed.

PORTER, C. J., and GIVENS, TAYLOR and KEETON, JJ., concur.