(April 22, 1912.)

## STATE, Respondent, v. FRED CALDWELL, Appellant.

[123 Pac. 299.]

INTOXICATING LIQUORS—SALE OF IN LOCAL OPTION DISTRICTS—JURORS—
QUALIFICATIONS OF—CHALLENGE—INFORMATION—SUFFICIENCY OF.

(Syllabus by the court.)

1. *Held,* that the court erred in denying a challenge to a juror.

2. *Held,* that the information is sufficient to charge the defendant with the crime of selling intoxicating liquors in a local option district in violation of the statutes.

3. Under the provisions of sec. 7687, Rev. Codes, no information should be held insufficient by reason of any defect or imperfection in the matter of form which does not tend to the prejudice of a substantial right of the defendant upon its merits.

4. The rule of liberal construction of indictments and informations has been adopted in this state.

APPEAL from the District Court of the Second Judicial District for Nez Perce County. Hon. Edgar C. Steele, Judge.

The defendant was convicted of the crime of selling intoxicating liquors in violation of the statutes of the state and judgment entered against him. *Reversed.*

Chas. L. McDonald, for Appellant.

Desire to sit as a trial juror may cause a venireman to strain his statements relative to his mental attitude to the defendant, but in the light of the facts in this matter it is very apparent that he must of necessity have had an opinion in the matter that disqualified him. (*Stephens v. State,* 53 N. J. L. 245, 21 Atl. 1038; *Curtis v. State,* 118 Ala. 125, 24 So. 111.)

"A juror is clearly incompetent, however, who admits that he has such a feeling with regard to one of the parties or the nature of the case as would influence his verdict . . . .

or if he is doubtful of his ability to render an impartial verdict." (24 Cyc. 281, and cases cited.)

Intoxicating liquors may be disposed of in a prohibition district in a manner that is not "in violation of law," and in order to charge the commission of an offense under this law, the charging part of the information should either state that the sale was "in violation of law" or contain such a statement of fact that this conclusion would naturally flow therefrom. (*State v. Stroud,* 99 Iowa, 16, 68 N. W. 450.)

When the charge does not bring the act within the prohibition statute, the general allegation in conclusion that it is against the form of the statute will not serve to aid the charge in that regard. (10 Ency. of Pl. & Pr. 488; Joyce on Indictments, 435; 22 Cyc. 343.)

The offense must be stated positively, and every essential fact and circumstance must be alleged directly and distinctly. Nothing can be brought into the indictment by argument or other than necessary inference. (Clarke's Crim. Proc., p. 162; 22 Cyc. 293, and cases cited.)

D. C. McDougall, Attorney General, O. M. Van Duyn, and J. H. Peterson, Assistants to the Attorney General, for Respondent.

The record does not show that the defendant exercised all of his peremptory challenges and was by reason of said alleged erroneous ruling prejudiced in any way by being compelled to accept either or both of the jurors aforesaid. (*Davidson v. Bordeaux,* 15 Mont. 245, 38 Pac. 1075; *Jenkins v. Mitchell,* 40 Neb. 664, 59 N. W. 90; *Olmstead v. Noll,* 82 Neb. 147, 117 N. W. 102.)

A party must use all available means to exclude all objectionable jurors. (*State v. Stockman,* 9 Kan. App. 422, 58 Pac. 1032; 24 Cyc. 323, 326.)

It must appear that defendant for want of peremptory challenges was compelled to accept an objectionable juror. (*Johnson v. State,* 27 Tex. 758; *Williams v. State,* 30 Tex.

App. 354, 17 S. W. 408; *People v. Helm,* 152 Cal. 535, 93 Pac. 99.)

To insert in said information the words "in violation of law" in addition to the words "contrary to the statute in such cases made and provided" would be but a useless repetition and would be contrary to the requirements of subdivision 6 of sec. 7678, Rev. Stats., which declares against repetition and says that all that is necessary is a setting forth in ordinary and concise language of the facts in such manner as to enable a person of common understanding to know what is intended.

Liberal construction of indictments and informations has been adopted in this state. (*State v. Squires,* 15 Ida. 547, 98 Pac. 413; *State v. Sly,* 11 Ida. 110, 80 Pac. 1125.)

SULLIVAN, J.—The defendant was convicted of the crime of selling intoxicating liquor in violation of the local option statute and sentenced to pay a fine of $500. The appeal is from the judgment and from the order overruling defendant's motion in arrest of judgment.

Three errors are assigned: The first two go to the ruling of the court in overruling the objections of the defendant to the qualifications of two jurors, and the third to the order overruling defendant's motion in arrest of judgment.

(1). It appears that the juror Fleischman had sat as a juror in a trial of a case against this defendant on the day prior to the trial of this case. The defendant was there prosecuted for the offense of selling intoxicating liquors in violation of the local option statute, and in the case at bar was prosecuted for another and like offense. The jury failed to agree in the former case, and during the course of that trial a witness testified that the defendant sold intoxicating liquors to one Thomas McCoy on the 5th day of January, 1911, that being the crime of which he was convicted in the action at bar. The juror Fleischman on his *voir dire* admitted that he heard McCoy testify to that fact. He also stated on his examination that he could sit in the case at bar and give the defendant a fair and impartial trial

according to the evidence and that he would not be influenced, biased or prejudiced in any way or in any degree by the evidence heard at the other trial. We do not think the court erred in overruling the challenge to said juror.

(2) The action of the court in overruling the challenge of defendant to the juror Morris is assigned as error.

The juror testified on his *voir dire,* among other things, as follows: "I suppose I could try this case fairly and impartially; if I am chosen as a juror in this trial I will base my verdict altogether on the law and the evidence as it is produced to me. I have such a bias against the local option law that I would be constrained to bring in a different verdict in a case of this sort than in any other. As to whether I think I could try this case just the same as any other misdemeanor case, that is a hard question for me to answer. There is a question in my mind whether I could or not. If the court should instruct me to put aside all ideas I might have of the matter and consider only the law and the evidence, I would certainly try to, but whether I could or not, that is pretty hard for a man to say. . . . . As to forming an opinion at all as to the guilt or innocence of this defendant, I could not say but what I have. I have that opinion now; it is an unqualified opinion. . . . . I am opposed to the licensing of the sale of intoxicating liquors in Nez Perce county." Q. "Taking into consideration the opinion that you have formed as to the violation of the local option law here, gathered from the information you got reading in the newspapers and your opposition to the sale of intoxicating liquors under license or any way, do you feel as though you could sit on this jury and give this defendant an absolutely fair and impartial trial?" A. "Just as I answered it to the other attorney, there is a question in my mind. I would to a certain extent be influenced by the conclusions I have reached heretofore." Q. "Is your mind in the condition you would want the mind of a juror to be in if you were being tried for the same offense under the same circumstances?" A. "No, sir." Q. "You feel as though your mind is not in the condition you could give this defendant

under the circumstances an impartial trial?''    A. ''Just as I stated before; there is a question in my mind whether I could.    I could not under the circumstances as they exist here give a man a fair trial that is charged with the offense of the illegal sale of intoxicating liquor that I could give any other or different offense.''

It is clear from the examination of said juror that he was so biased and prejudiced against persons charged with the violation of the local option law that he was satisfied he could not give them a fair and impartial trial.    The constitution and law contemplate that a person charged with a crime shall be tried by an impartial jury, none of the members of which shall have an unqualified opinion as to the guilt or innocence of the defendant, and who are not so prejudiced that they themselves are fully satisfied that they cannot give the defendant a fair and impartial trial.    Said juror admitted that if he were being tried for the same offense he would not want to be tried by a juror in the frame of mind which he possessed, and that he could not, under the circumstances, give a man a fair trial that was charged with the offense of the illegal sale of intoxicating liquor that he could give to persons charged with a different offense.    From the whole examination of the juror, as it appears in the record, it is clear to us that the court erred in not sustaining the challenge to said juror for cause.

(3) The defendant next moved for an arrest of judgment on the ground that the information on which the defendant was tried did not contain facts sufficient to constitute a public offense, and that the charge alleged in the information is not an offense under any of the statutes of the state.    The charging part of the information is as follows:

''That on, to wit, the 5th day of January, 1911, at the county of Nez Perce in the state of Idaho, the aforesaid Fred Caldwell then and there being, committed the crime of selling intoxicating liquor without license in a prohibition district by then and there while the said county of Nez Perce was a prohibition district, wilfully and unlawfully selling to Thomas McCoy one bottle of intoxicating liquor, to wit,

whisky, without license so to do, contrary to the form of the statute in such case made and provided.''

The statute defining the crime sought to be charged reads as follows: ''Any person who either directly or by any device or subterfuge shall sell, furnish, deliver, or give away or otherwise dispose of any intoxicating liquors of any kind in any prohibition district in this state, in violation of law, shall be guilty,'' etc.

Section 7687, Rev. Codes, provides as follows: ''No indictment is insufficient, nor can the trial, judgment, or other proceeding thereon, be affected by reason of any defect or imperfection in matter of form, which does not tend to the prejudice of a substantial right of the defendant upon its merits.''

It is clear from the charging part of the information that the defendant was fully advised of just the act or crime with which he was charged, to wit, that of selling intoxicating liquors in a local option district, in violation of law; that he was not misled in any way by the information not containing more specific charges, and that no imperfection in the form of the information tended to prejudice defendant in any substantial right. This court held in *State v. Squires*, 15 Ida. 547, 98 Pac. 413, that a liberal construction of indictments and informations has been adopted by this state. (See, also, *State v. Sly*, 11 Ida. 110, 80 Pac. 1125.) This court held in *State v. Schmitz*, 19 Ida. 566, 114 Pac. 1, that an information charging the unlawful sale of intoxicating liquors which concludes with the clause, ''contrary to the form, force and effect of the statute in such cases made and provided and against the peace and dignity of the state of Idaho,'' is a sufficient allegation that the liquor was sold or disposed of contrary to law, whether it be the local option law or any other public statute. In the information in this case, it is charged that the defendant committed the crime of selling intoxicating liquors without a license in a prohibition district, ''contrary to the form of the statute in such cases made and provided.'' The information is sufficient and charges the defendant with

the crime of selling intoxicating liquors in a local option district in violation of the law.

However, as the court erred in overruling the challenge to the juror Morris, the judgment must be *reversed* and a new trial granted, and it is so ordered.

Stewart, C. J., and Ailshie, J., concur.