[No. 16799. Department One. March 30, 1922.]

THE STATE OF WASHINGTON, *Respondent,* v. JOE ARRIGONI, *Appellant.*[1]

INTOXICATING LIQUORS (30, 50)—OFFENSES—ILLEGAL POSSESSION—EVIDENCE—SUFFICIENCY. In a prosecution for the unlawful possession of whiskey, whether the presumption from ownership of the premises was sufficiently rebutted, or whether the quantity was so negligible as to be available for unlawful use, are for the jury, where the liquor was found in defendant's house in a sink near a glass, it filled an ordinary pint milk bottle to a height of about two inches, and the defendant's wife tried to keep it from the officers, though defendant denied any knowledge of it.

SAME (30, 51)—ILLEGAL POSSESSION—INSTRUCTIONS. It is proper to instruct that, if a husband knowingly permits his wife to keep intoxicating liquors in the house for an illegal purpose, he is a participator in, and guilty of, the unlawful possession.

Appeal from a judgment of the superior court for Kittitas county, Davidson, J., entered November 19, 1920, upon a trial and conviction of the unlawful possession of intoxicating liquor. Affirmed.

*F. A. Kern,* for appellant.
*C. R. Hadley,* for respondent.

FULLERTON, J.—The appellant was found guilty by the verdict of a jury of the offense of unlawfully hav-

[1]Reported in 205 Pac. 7.

ing intoxicating liquor in his possession. From the
judgment and sentence pronounced against him on the
verdict, he appeals, assigning as errors that the evi-
dence is insufficient to justify the verdict, and that the
court erred in its instructions to the jury.

The evidence disclosed that the appellant maintained
a house in the city of Cle Elum, in the front part of
which he conducted a small store, selling groceries, can-
dies, fruit, bread, pastry and so-called soft drinks. The
back part of the house was used as a dwelling, · in
which the appellant resided with his family, consisting
of his father, his wife and three children. The two
apartments of the house were connected by a hallway.
A warrant had been issued for a search of the prem-
ises, and the officers having the warrant in execution
entered the building at the door leading into the room
used as a store. On entering the building, the officers
found the appellant and his wife in the storeroom, and
on making known their purpose, the wife started
through the hallway towards the dwelling part of the
house. She was stopped, and on the subsequent search
of the house intoxicating liquor was found in the
kitchen in a bottle which stood on the draining board of
the sink, with an ordinary whiskey glass beside it.
The appellant denied having any knowledge that the
liquor was in the house. His wife corroborated his
statement, testifying that it was some she had procured
on that day from a neighbor for use as a medicine.
She testified further, however, both on her direct and
cross-examination, that her purpose in starting for
the back part of the house on the entry of the officers
was to dispose of the liquor, which she referred to as
"white mule," saying that she failed of her purpose
because she was stopped while on her way by the of-
ficers. No witness testified to the quantity of liquor

in the bottle in terms of the standards usually used in liquid measurement, the evidence on the question being that the bottle in which it was contained was an ordinary pint milk bottle, and that it was filled to a height of about two inches.

The appellant's counsel argues that there is nothing in the evidence to show that the appellant had control of the liquor found, and that it was not sufficient in quantity to make it available for unlawful transportation or sale; conditions, he further argues, which are made necessary to the crime of unlawful possession under the rule announced by this court in *State v. Jones,* 114 Wash. 144, 194 Pac. 585. But conceding that the cited case is susceptible to the construction put upon it, we nevertheless think that the objections raise questions of fact for the jury rather than questions of law for the court. The liquor was found in a house in which the appellant had possession and over which he had control, and the presumption naturally and legally arises that he had possession and control of the things contained therein. The presumption. is of course rebuttable, and undoubtedly was rebutted if the account given of the presence of the liquor in the house is to be taken as true. But manifestly it was for the jury, not the court, to say whether or not the account was true. So, with the quantity. It was not so utterly deficient in that respect as to be negligible and it was for the jury to say whether it was sufficient to be available for unlawful use.

The instruction complained of is the following:

"I instruct you that when the husband and wife are living together as such, the possession of one spouse is the possession of the other where it affirmatively appears beyond a reasonable doubt from the evidence that said possession of one spouse was with the knowl-

edge of the other and such possession was had on premises occupied by both husband and wife.''

As applied to the facts shown in the record, we find the instruction without error. The husband is the head of the family, and as such has the general right to regulate the household and to exercise the general control of the family management. He has the right to prevent his wife from using their common residence for an illegal business or purpose. If he knowingly permits her to use it for the illegal purpose of keeping intoxicating liquors therein he becomes a participator in the act and is liable to the penalties the law inflicts for unlawful possession. The rule rests, not on a presumption of coercion of the wife by the husband, but on the principle that the husband has the right to control his household and is responsible for the illegal acts which he knowingly permits to take place therein.

The rule is stated in 21 Cyc. 1354 in the following language:

''The husband is liable for his wife's criminal acts committed by his bidding, or in his presence and under his coercion. Likewise where she, in his presence and with his knowledge, commits an act not *malum in se,* he may be found guilty, as where, with the husband's knowledge or consent, the wife sells intoxicating liquors contrary to statute. If such sales are made by her in his house, even in his absence, and even contrary to his wishes, he may be held guilty, since it is his duty to control or prevent the same.''

See, also, *Commonwealth v. Barry,* 115 Mass. 146; *State v. Rozum,* 8 N. D. 548, 80 N. W. 477; *People v. Sybisloo,* 184 N. W. (Mich.) 410.

The judgment is affirmed.

BRIDGES, MITCHELL, and TOLMAN, JJ., concur.