[No. 17684.  Department One.  February 21, 1923.]

THE STATE OF WASHINGTON, *Respondent*, v. WILLIAM
PARENT, *Appellant.*[1]

INTOXICATING LIQUORS (30, 50)—OFFENSES—ILLEGAL POSSESSION—
EVIDENCE—SUFFICIENCY. In a prosecution of the proprietor of a road
house for illegal possession of whiskey, whether the presumption
from the ownership of the premises was refuted or whether the
quantity found was so negligible as to not be available for unlaw-
ful use, were questions for the jury, where under a search war-
rant, a party was found at 3 o'clock in the morning with locked
doors and whiskey in glasses at the table, also in a pitcher and
another glass in the pantry.

SAME (30, 51)—ILLEGAL POSSESSION—INSTRUCTIONS. In the pro-
secution of the proprietor of a road house for illegal possession of
whiskey, found under a search warrant at a table and in the kitchen
while a party of diners and employees were in the place, it is
proper to instruct that possession may be either actual or con-
structive.

Appeal from a judgment of the superior court for
King county, Hall, J., entered October 15, 1921, upon
a trial and conviction of the unlawful possession of
intoxicating liquor. Affirmed.

*Egan & Moriarty,* for appellant.

*Malcolm Douglas* and *Bert C. Ross,* for respondent.

HOLCOMB, J.—Appellant was charged jointly with
one Stack of the crime of unlawful possession of in-
toxicating liquor.

Appellant was the proprietor, and Stack an em-
ployee, of a road house known as the "North End
Inn." Upon a trial before a justice, both were found
guilty and appealed to the superior court. In the
superior court, at the close of the state's case, a mo-
tion for a directed verdict, as to Stack, of not guilty

[1]Reported in 212 Pac. 1061.

was granted, and the same motion as to appellant was denied.

Appellant claims as errors: first, refusal to grant the motion for directed verdict of not guilty, and that the verdict was against law; and second, refusal to give requested instruction numbered 3, and in refusing a new trial.

The case made by the state was substantially as follows: On the alleged date, three deputy sheriffs with a liquor search warrant went to the roadhouse about 3 o'clock in the morning and there found appellant and his employees and a party of about twelve persons, about six of whom were seated at a table with glasses containing whiskey before them. The doors of the roadhouse were locked, and the officers were kept waiting about two minutes before being admitted. One of the deputies took charge of the whiskey found in the glasses on the table, while the other two searched the premises, and in a pantry connected with the kitchen they found a pitcher and another glass vessel containing whiskey. Appellant was working in the pantry at the time the liquor was found there, and when the officers proceeded to make a further search on the premises, appellant stated to one of the deputies: "That is all; that is absolutely all there is of it." Appellant admitted to the officers, and also testified at the trial, that he was the proprietor of the Inn at the time the liquor was found. All of the liquor found was poured into a bottle and produced and admitted in evidence at the trial.

Although appellant testified that, at the time of the visit of the officers, he was helping the cook prepare dinner, and that he did not know of the intoxicating liquor on the premises, and that there were six employees on the premises, all of whom had access to

the pantry where the liquor was found that was not in the possession of the persons at the table, and that, during the night previous to the visit of the officers, the employees had walked back and forth from the pantry to the dining room, this does not overcome the evidence for the state, if the jury chose to believe it, as they did.

Whether the presumption from the ownership of the premises where the liquor or any of it was found was sufficiently rebutted, or whether the quantity was so negligible as to not be available for unlawful use, were questions of fact for the jury. In that respect the case is very similar to *State v. Arrigoni,* 119 Wash. 358, 205 Pac. 7. The motion for a directed verdict for appellant was, therefore, properly refused, and the verdict is not against law.

Instruction numbered 3, requested by appellant and refused by the trial court, was as follows:

"You are instructed that where the unlawful possession on the part of the accused sought to be proved consists of the asserted fact that the liquor was found in the house of the defendants, it must be considered whether or not the defendants exclusively occupied the house or whether its occupation was enjoyed by other parties jointly with them. If you find the house was used by others with the defendants or either of them, such evidence alone would not authorize an acquittal, but such a fact may and should be considered by the jury, together with all the evidence in the case, in passing upon the guilt or innocence of the person or persons charged."

Instead thereof the court gave an instruction to the effect that, under the statute, proof of the possession of intoxicating liquor, other than alcohol, is *prima facie* evidence of unlawful possession; . . . and continued:

"Possession means simply the owning or having a thing in one's power. It may be either actual or constructive. Actual possession exists when the possession is in the individual occupancy of the person or his agent, and is frequently expressed as possession in fact. Constructive possession is that possession which the law annexes to the legal title or ownership of the property, and where there is a right for the immediate actual possession of the property. Such possession is designated as possession in law; but not actual possession. The unlawful possession of intoxicating liquor may therefore be either actual or constructive possession."

The above instruction fully covered the law of possession under the statute and the decisions of this court. It is in almost exact conformity to the language of this court in defining such possession in such prosecution in *State v. Spillman*, 110 Wash. 662, 188 Pac. 915.

The jury were therefore properly instructed on the question of possession, and it was not necessary to give the instruction requested by appellant.

We find no error, and the judgment is affirmed.

Main, C. J., Mackintosh, Bridges, and Mitchell, JJ., concur.