STATE, Respondent, v. J. D. SHEPARD, Appellant.

[229 Pac. 87.]

INTOXICATING LIQUOR—POSSESSION—KNOWLEDGE—WRONGFUL INTENT—
   JURY—CONFLICTING EVIDENCE.

   1. Whether the presumption of knowledge of the possession of intoxicating liquor arising from possession or ownership of the premises where intoxicating liquor was found was sufficiently rebutted, *held* to be a question of fact for the jury in a prosecution for unlawful possession.

   2. Where there is competent evidence to sustain the verdict and there is a substantial conflict in the evidence, the verdict will not be disturbed on appeal.

APPEAL from the District Court of the Fifth Judicial District, for Bannock County. Hon. Robert M. Terrell, Judge.

Appeal from judgment of conviction of possession of in-toxicating liquor. *Affirmed.*

William Edens, for Appellant.

Evidence of the finding of intoxicating liquor on the premises of the accused is insufficient to prove the commis-sion of the offense unless there is some evidence to connect defendant with same or at least that he had knowledge that the same was on his premises or connived therewith. (*Ex parte Baugh,* 30 Ida. 387, 164 Pac. 529.)

A. H. Conner, Atty. Genl., and Jas. L. Boone, Assistant, for Respondent.

Knowledge or lack of knowledge is a question of fact for the jury. (*State v. Johnson, ante,* p. 440, 227 Pac. 1052; *State v. Parent,* 123 Wash. 624, 212 Pac. 1061; *State v. Arrigoni,* 119 Wash. 358, 205 Pac. 7, 27 A. L. R. 310.)

BUDGE, J.—Appellant was found guilty by the verdict of a jury of the crime of unlawfully having in his possession intoxicating liquor. From the judgment of conviction this appeal is taken.

There is but one error assigned, namely, that the evidence is insufficient to justify the verdict. The record discloses that appellant was the lessee of a building situated at Mc-Cammon, in which he conducted a pool-hall; that on the 4th day of July, 1923, a search of the premises was made by two deputy sheriffs of Bannock county, under authority of a search-warrant and that a bottle containing intoxicating liquor was found in the ice-box and a small glass containing what some of the witnesses referred to as "about one good drink" of whiskey was also found standing on the under-bar where there was also a pitcher of water. Appellant was present when the intoxicating liquor was seized but denied that he was the owner of it or knew that it was in the ice-box or on the under-bar. There is a substantial conflict in the testimony as to whether appellant was in the pool-hall

during practically all of the afternoon of July 4, 1923, or whether he was at Lava Hot Springs or elsewhere. The officers testified that he was in the pool-hall practically if not all of the afternoon, other witnesses and appellant testifying to the contrary. This evidence was offered for the purpose of showing appellant's knowledge or lack of knowledge that the whiskey was in the pool-hall. It has been held that whether the presumption of knowledge arising from ownership or possession of premises where intoxicating liquor was found is sufficiently rebutted is a question of fact for the jury in a prosecution for unlawful possession. (*State v. Parent*, 123 Wash. 624, 212 Pac. 1061; *State v. Arrigoni*, 119 Wash. 358, 27 A. L. R. 310, 205 Pac. 7; *State v. Johnson, ante*, p. 440, 227 Pac. 1052.) The jury were properly instructed upon this question. There being a substantial conflict in the evidence as to appellant's ownership of the intoxicating liquor and whether he knew that it was there or not, the verdict of the jury will not be disturbed. (*State v. Bouchard*, 27 Ida. 500, 149 Pac. 464; *State v. Nesbit*, 4 Ida. 548, 43 Pac. 66; *State v. Silva*, 21 Ida. 247, 120 Pac. 835; *State v. Downing*, 23 Ida. 540, 130 Pac. 461; *State v. Hopkins*, 26 Ida. 741, 145 Pac. 1095.)

The judgment must be affirmed, and it is so ordered.

McCarthy, C. J., and Dunn and Wm. E. Lee, JJ., concur.