## R. F. FOSTER v. THE STATE.

No. 9727.    Delivered January 13, 1926.

### 1.—Aggravated Assault—Argument of Counsel—Held, Proper.

Where on a trial for an aggravated assault resulting from a collision of an automobile driven by appellant, with a pedestrian, counsel for appellant in his argument said, in substance, that unless the jury should find appellant guilty of gross negligence, as defined by the court, you will have to find him not guilty in this case, and on objection by the State the Court instructed the jury to disregard such argument, the error so committed necessitates the reversal of the cause.

### 2.—Same—Gross Negligence—Defined.

Gross negligence is defined as that entire want of care which would raise a presumption of conscious indifference to consequences, and as an entire want of care on the part of the operator. or with such a slight degree of care as to raise the presumption of entire disregard and indifference to the safety and welfare of others. See R. R. C. v. Letsch 55 S. W. 584, Crawleigh v. G. H. & S. A. Ry. Co., 67 S. W. 140, also Words and Phrases, 1st series, Vol. 4, page 3168.

Appeal from the County Court at Law of Harris County. Tried below before the Hon. Ben F. Wilson, Judge.

Appeal from a conviction of an aggravated assault, penalty, a fine of $50.00.

*Castle & Coffee,* of Houston, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense is an assault; the punishment is a fine of $50.00.

The information charges that on the 10th day of March, 1925, the defendant was the operator of a motor vehicle, to-wit: an automobile upon a public highway, to-wit: Preston Avenue in the City of Houston, Texas, and he did then and there wilfully and with gross negligence collide with and cause injury to C. A. Thompson, a person then and there upon said highway.

There is but one complaint contained in the record which we deem it necessary to discuss. By a proper bill of exceptions, appellant shows that his counsel made the following argument:

"Gentlemen of the Jury, although you may believe that the defendant in this case is guilty of some degree of negligence for which the injured party could recover civil damages for his injuries, unless you believe from the evidence beyond a reasonable doubt that he is guilty of gross negligence as that term is defined in the Court's charge, you will have to find him not guilty in this case."

The bill further recites that whereupon the state's attorney objected to said argument and the court sustained said objection and verbally instructed the jury not to consider such argument and further told the jury that the question of civil damages was not in this case. Appellant reserved a proper exception to the Court's action in regard to this matter. We think the Court was in error in the matter complained of. It will be observed that the information charges that the collision and injury was caused by the gross negligence of the appellant. Gross negligence is defined as that entire want of care which would raise a presumption of conscious indifference to consequences and as an entire want of care on the part of the operator, or

such a slight degree of care as to raise the presumption of entire disregard and indifference to the safety and welfare of others.  Railroad Co. v. Letsch, 55 S. W. 584; Crawleigh v. G. H. & S. A. Ry. Co., 67 S. W. 140.

Gross negligence has also been defined by many courts as the want of even slight care or diligence.  Words and Phrases, 1st Series, Vol. 4 p. 3168.

Applying these judicial definitions of gross negligence to the facts in this case, we cannot do otherwise than hold that the Court was in error in instructing the jury not to consider the above argument.  We think the argument was a pertinent and proper presentation of the appellant's theory of the case and we are thoroughly satisfied that it was a correct enunciation of the law applicable to the facts in issue.  This being true it was certainly the right of the appellant to have the argument made through his counsel. Reeves v. State, 31 S. W. 382; Campbell v. State, 138 S. W. 607. See also Section 370, Branch's Ann. P. C. for full collation of authorities on this question.

Because of the error of the Court as above indicated, the judgment must be reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.