## STATE, Respondent, v. EDWARD J. MURRAY and MRS. ALMA AVERY, Appellants.

[254 Pac. 518.]

CRIMINAL LAW — JURY — CHALLENGE FOR BIAS — RULING NOT ERRONEOUS—ACCEPTANCE OF UNQUALIFIED JURORS—EXCEPTIONS—WITNESSES—CREDIBILITY—CONFLICTING EVIDENCE—VERDICT NOT DISTURBED.

1. Under C. S., sec. 8932, in a challenge for actual bias, it must be alleged that the juror is biased against the party challenging.

2. Where it does not appear that entire examination of challenged juror appears in the transcript, rulings on challenge will not be presumed erroneous.

3. To avail of any error in overruling challenge for cause requiring peremptory challenge, the record must show that necessity of accepting other jurors not qualified was thereby created.

4. Only a ruling on question to witness to which exception was saved is properly before appellate court.

5. Credibility of witnesses and the weight to be given their testimony being solely for the jury, verdict on conflicting evidence will not be disturbed on appeal, where there is substantial and competent evidence to support it.

---

Publisher's Note.

3. See 16 R. C. L. 291.

4. See 2 R. C. L. 92.

5. See 2 R. C. L. 197.

See Criminal Law, 17 C. J., sec. 3342, p. 77, n. 34; sec. 3566, p. 220, n. 5; sec. 3594, p. 264, n. 88, 89; sec. 3596, p. 267 n. 99; sec. 3635, p. 294, n. 53.

Juries, 35 C. J., sec. 430, p. 385, n. 5, p. 386, n. 16, 19, 20.

APPEAL from the District Court of the Eleventh Judicial District, for Twin Falls County. Hon. William A. Babcock, Judge.

Conviction of unlawful possession of intoxicating liquor. *Affirmed.*

Bothwell & Chapman, for Appellants.

Where the *voir dire* examination of a juror shows the existence of a state of mind which leads to the inference that he will not act with entire impartiality, a challenge for cause should be sustained. (C. S., sec. 8929, subd. 2; Const., art. 1, sec. 7; *State v. Caldwell,* 21 Ida. 663, 123 Pac. 299.)

A court should be very careful in the selection of a jury to reject all persons who are biased and prejudiced. (*State v. Clark,* 27 Ida. 48, 54, 146 Pac. 1107.)

Where the evidence discloses probable animus on the part of a state's witness toward a defendant, the trial court should permit the fullest and most searching examination of the witness for the purpose of disclosing his motives and testing his credibility. (*State v. Bouchard,* 27 Ida. 500, 506, 149 Pac. 464.)

A. H. Conner, Attorney General, and John W. Cramer, Assistant Attorney General, for Respondent.

In a challenge for actual bias, it must be alleged that the juror is biased against the party challenging. The challenge may be oral but it must be entered on the minutes of the court. (C. S., sec. 8932; *State v. Gordon,* 5 Ida. 297, 48 Pac. 1061.)

Where the complete examination of a prospective juror on the disputed point of disqualification is not in the transcript, the trial court's rulings in connection therewith will not be presumed erroneous. (*State v. Wilson,* 41 Ida. 616, 243 Pac. 359.)

There must be a showing in the record that the necessity of accepting other jurors not qualified was created by reason

of the ruling of the court on the challenge for cause against Sanger. (*State v. Hoagland*, 39 Ida. 405, 228 Pac. 314.)

Error will not be presumed, but the record must affirmatively show the error complained of. (*State v. Dawson*, 40 Ida. 495, 235 Pac. 326; *State v. Abbott*, 38 Ida. 61, 213 Pac. 1024.)

Where there is a substantial conflict in the evidence but sufficient competent evidence to support the verdict and judgment based thereon, the same will not be disturbed on appeal. (*State v. Brassfield*, 40 Ida. 203, 232 Pac. 1; *State v. Shepard*, 39 Ida. 666, 229 Pac. 87; *State v. White*, 33 Ida. 697, 197 Pac. 824.)

The credibility of the witnesses, as well as the weight to be given to their testimony, is exclusively for the jury. (*State v. Abbott*, 38 Ida. 61, 213 Pac. 1024; *State v. Bouchard*, 27 Ida. 500, 149 Pac. 464.)

GIVENS, J.—Appellants were convicted of the crime of illegal possession of intoxicating liquor and appeal.

[1, 2] Appellants' first assignment of error is that the lower court erred in not sustaining the challenge for cause interposed to venireman W. E. Sanger.

C. S.; sec. 8929, sets forth two particular causes of challenge, the second being as follows:

"For the existence of a state of mind on the part of the juror in reference to the case, or either of the parties, which, in the exercise of a sound discretion on the part of the trier, leads to the inference that he will not act with entire impartiality, and which is known in this code as actual bias."

It was not alleged that the venireman was biased against the appellants herein, which is necessary in a challenge for actual bias.

"In a challenge for actual bias, it must be alleged that the juror is biased against the party challenging. In either case the challenge may be oral, but must be entered on the minutes of the court." (C. S., sec. 8932; *State v. Gordon*, 5 Ida. 297, 48 Pac. 1061; *State v. Wilson*, 41 Ida. 616, 243 Pac. 359.)

*State v. Caldwell,* 21 Ida. 663, 123 Pac. 299, relied upon
by appellants to support this assignment, is clearly distin-
guishable from the case at bar, for the reason that therein
the prospective juror admitted he was prejudiced against the
accused and that he would not want to be tried for the same
offense under similar circumstances, while herein the venire-
man stated that he would require the defendants to be
proven guilty beyond a reasonable doubt before he would
find them guilty. Furthermore it does not appear that the
entire examination of the prospective juror on this point of
qualification appears in the transcript, and the trial court's
rulings in connection therewith will not be presumed errone-
ous. (*State v. Wilson, supra.*)

[3] There is no showing in the record that the necessity
of accepting other jurors not qualified (the juror in question
having been excused on defendants' peremptory challenge)
was created by reason of the ruling of the court in this re-
spect. (*State v. Hoagland,* 39 Ida. 405, at 421, 228 Pac.
314.)

[4] Appellant urges that the action of the trial court in
refusing to permit defendants to inquire of the state's wit-
ness, Butz, as to certain incidents which occurred some two
weeks prior to the date charged in the information, for the
purpose of developing facts which would tend to show the
witness' motives and affect the weight and credibility of his
testimony, was erroneous. Some eight objections to ques-
tion asked Butz on cross-examination were sustained. No
exception was saved to any of the rulings of the court with
the exception of one question and thus this is the only one
properly before this court (*State v. Brockman,* 39 Ida. 468,
228 Pac. 250; *State v. White,* 33 Ida. 697, 197 Pac. 824),
and it does not appear from an examination of the entire
record that appellant was prejudicially affected by the
court's rulings on such question.

[5] Appellants' last assignment of error is as follows:
"The evidence is insufficient to support the verdict of the
jury and the judgment entered thereon, in that the only

evidence that the defendants had intoxicating liquor in their possession is found in the uncorroborated testimony of a single witness, Butz, a police officer."

The assignment in itself admits that there was some evidence upon the point that the defendants had intoxicating liquor in their possession and this is borne out by the testimony of Butz. On the other hand, the only evidence that the defendants did not have intoxicating liquor in their possession was their own testimony. There is a conflict in the evidence, but there is substantial and competent evidence to support the verdict and the judgment based thereon, and the same will not be disturbed. (*State v. Brassfield,* 40 Ida. 203, 232 Pac. 1; *State v. Bouchard,* 39 Ida. 666, 229 Pac. 87; *State v. White, supra.*) This assignment goes more to the weight and credibility of the witnesses than the insufficiency of the evidence. The credibility of the witnesses and the weight to be given their testimony is a matter solely within the province of the jury. (*State v. Abbott,* 38 Ida. 61, 213 Pac. 1024; *State v. Bouchard, supra.*)

The judgment is affirmed.

Wm. E. Lee, C. J., and Budge, Taylor and T. Bailey Lee, JJ., concur.