[No. 21389. Department One. December 31, 1928.]

THE STATE OF WASHINGTON, *Respondent*, v. TOM
LA BELLE, *Appellant*.[1]

*Gus L. Thacker,* for appellant.

*William H. Grimm* and *Russell L. Ponder,* for respondent.

HOLCOMB, J.—This appeal is from a conviction of the misdemeanor of unlawful possession of intoxicating liquor, upon which conviction a motion for a new trial was denied by the trial court, and appellant sentenced to pay a fine of one hundred dollars and costs.

The only errors assigned are that there was not sufficient evidence to sustain a conviction of unlawful possession of intoxicating liquor, and that the court erred in denying the motion for a new trial.

No challenge was made by appellant to the sufficiency of the evidence or motion to take the case from the jury at the conclusion of all the evidence in the case. No exceptions were made to any instruction of the court. Presumptively, appellant had a fair trial and the trial court exercised its discretion in refusing to grant a new trial.

[1]Reported in 273 Pac. 193.

■ ˙Appellant admits that the finding of intoxicating liquor in the house, in the possession and control of appellant, is *prima facie* evidence of possession of intoxicating liquor and a violation of the law, but contends that there is another rule of law requiring that possession of intoxicating liquor must be with the knowledge of the accused. It is contended that the evidence shows that there was no wilful unlawful violation of the law.

The evidence in the record shows that appellant had been residing in a certain house in Centralia since March 1, 1919. On April 27, 1927, a number of state and Federal prohibition officers, a policeman of Centralia and a constable went to the home of appellant, with a search warrant, to search for intoxicating liquor. After the service of the search warrant, the officers searched the premises. During the search, one of the officers found a small flask, containing about a teaspoonful of moonshine whiskey, under a removable floor board in an empty bedroom.

Afterward, another officer discovered a small, hidden room with a secret door, in which room was found a very small flask, about half full of moonshine whiskey. The room was dusty and there were cobwebs all over the joists and in the room, but not in the center. The bottle containing the whiskey, which was discovered in this room, was setting on a joist at the end of a short board which did not reach entirely to the wall, between the floor and the ceiling. The bottle was dusty and covered with cobwebs.

A gunny sack full of empty bottles, mostly flat, pint whiskey bottles, was found in appellant's garage.

The small bottle that was about half full of moonshine whiskey was discovered in this way: One of the officers found evidence that a cupboard in this room concealed a secret entrance to a space not accounted

for. The officers started to get a crowbar and one of them did get an ax. Appellant was present and volunteered the information that there was no door or any way to get into the room that the officers thought was there. Later when it appeared that the officers would effect an entrance, appellant said:

"I am a good sport. You have got me. I will open it now. I am a good sport."

He then pulled a wire, which raised a nail, raising a bar on the inside of the door and causing the door to swing open. The small flask there discovered, concealed, showed evidences of not having been disturbed for some time.

To refute this evidence, appellant himself testified that the small secret room had been made by him upon remodelling the house, four or five years before, for the purpose of keeping valuables when the family were absent; that the small bottle, about half full of moonshine whiskey, there discovered, was covered with dust and cobwebs, indicating that it had been concealed for a long period of time and that he did not know it was there, had not placed it there, had not seen it and never had had it in his possession at any time during the period he had lived in the house.

No other liquor, or evidence of possession of liquor, than that above detailed, was found on the premises.

"The liquor was found in a house in which the appellant had possession and over which he had control, and the presumption naturally and legally arises that he had possession and control of the things contained therein. The presumption is of course rebuttable, and undoubtedly was rebutted if the account given of the presence of the liquor in the house is to be taken as true. But manifestly it was for the jury, not the court, to say whether or not the account was true.

"In cases of this character, defendants generally make some plausible explanation concerning the presence of the liquor found. It strikes us that the explan-

ation made in this case is unusually satisfactory, but it was for the appellant to satisfy the jury, not us. We cannot, therefore, hold that there was no substantial testimony in support of the verdict." *State v. Wilson,* 130 Wash. 444, 227 Pac. 850.

See, also, *State v. Arrigoni,* 119 Wash. 358, 205 Pac. 7.

"Whether the presumption from the ownership of the premises where the liquor or any of it was found was sufficiently rebutted, or whether the quantity was so negligible as to not be available for unlawful use, were questions of fact for the jury." *State v. Parent,* 123 Wash. 624, 212 Pac. 1061.

See also, *State v. Burnett,* 144 Wash. 598, 258 Pac. 484.

Under the evidence, although it was a very weak case against appellant, and under our cases cited, it was for the jury to decide whether or not the explanation given by appellant was credible and, if not, whether the presumption raised by the proof of possession of intoxicating liquor, even though slight, on the part of appellant, was unlawful.

There being sufficient evidence to go to the jury, and the trial court having refused to interfere and grant a new trial, we are unable to disturb the verdict and judgment.

Affirmed.

FULLERTON, C. J., MITCHELL, TOLMAN, and BEALS, JJ., concur.