(No. 5715.   October 10, 1931.)

STATE, Respondent, v. J. E. BEACH, Appellant.

[3 Pac. (2d) 539.]

W. L. Dunn, for Appellant.

Fred J. Babcock, Attorney General, Sidman I. Barber and Z. Reed Millar, Assistant Attorneys General, and O. W. Witham, Prosecuting Attorney, for Respondent.

VARIAN, J.—Appellant was convicted of the crime of unlawful possession of intoxicating liquor in the probate court. On appeal, after trial *de novo,* he was again convicted and prosecutes the present appeal from such conviction.

Prior to each trial in the courts below he unsuccessfully moved to suppress certain evidence on the ground that it had been obtained under an unlawful search.

On November 21, 1930, the sheriff of Twin Falls county, with two deputies, proceeded by automobile to appellant's home north of Buhl, where he lived in a large two-story house with his family. Leaving a deputy with the car in front of the house, the sheriff proceeded with Deputy Wilson to the cow barn, within 100 yards, where appellant was milking a cow, and placed him under arrest upon a charge of selling intoxicating liquor to minors.

After being placed under arrest appellant was told by the sheriff that he would "have to search the place for liquor," or "was going to search for whisky," to which appellant replied, "Go ahead, that he wouldn't find any." Appellant remained milking at the barn and in charge of Deputy Wilson. The sheriff then went to the house in company with Deputy Parker, called Mrs. Beach to the door, and stated that he had placed appellant under arrest, and wanted to search the premises. She replied, "All right."

Before she answered Mrs. Beach started to step out on the porch but went back and drew the door close to her. She was heard to whisper to someone inside but what she said could not be distinguished by the officers. This was followed by sounds of footsteps going upstairs. Mrs. Beach then opened the door and the officers entered the house.

The sheriff went upstairs (which consists of four rooms; three with beds in them and a large room containing no bed, the two bedrooms opening off the large room, which contained a piano and some chairs, and one bedroom having a large opening into it from the large room) and found a married daughter of appellant pouring whisky from a gallon jug into a slop-jar. She said it was her whisky and that "they did not know it was there." The sheriff secured the jug, partly full, and a pint bottle, which was beside the slop-jar, containing some whisky.

A subsequent search revealed two five-gallon kegs in a ditch back of the house, a still in the granary near the house, a hose, smelling of alcohol, hanging on a nail in a feed bin in the cow barn, also a small funnel in the same place, and a five-gallon keg, smelling "very strong of liquor" in the hay-mow of the cow barn. Appellant told Deputy Parker, who found this keg, that he "should have got it two or three days sooner; that it was full then," or "it's a good thing you didn't find that a couple of days ago; it was full then."

The foregoing is a statement of the principal facts bearing on the questions presented by this appeal.

At the close of the state's case, appellant moved an advisory verdict which was denied, and declined to put in any evidence.

Two points are presented by this appeal which we will consider in order. It is first contended that the court erred in not granting the motion to suppress the evidence because the search of appellant's house was made without a search-warrant and was not justified upon the theory that it was incident to the arrest that took place at the cow barn, or that appellant could be bound by his wife's consent to the search of the house, not given in his presence.

It will not be necessary to determine whether, under the facts of this case, appellant was bound by his wife's consent to a search of the house, or whether it may properly be justified as identical to the arrest upon another charge than the one involved here. The evidence clearly shows that appellant consented to the search made, which also included that of the house, and therefore the search without a warrant was not unreasonable. (*State v. McLennan*, 40 Ida. 286, 231 Pac. 718; *State v. West*, 42 Ida. 214, 245 Pac. 85; *State v. Hagan*, 47 Ida. 315, 274 Pac. 628; *State v. Kaiser*, 49 Ida. 351, 288 Pac. 154.)

Appellant further contends that there is no sufficient testimony to establish his possession of the only intoxicating liquor found by the sheriff, i. e., that contained in the jug and bottle in the house.

The uncontroverted testimony shows that appellant resided with his family in the house, upon premises farmed by him. The finding of intoxicating liquor "on premises of which defendant has possession and control creates a rebuttable presumption that the liquor was in this possession." (33 C. J. 743, 744; *State v. Arrigoni*, 119 Wash. 358, 27 A. L. R. 310, 205 Pac. 7; *George v. State*, 37 Ga. App. 513, 140 S. E. 903; *Grosh v. State*, 118 Neb. 517, 225 N. W. 479; *State v. Dropolski*, 100 Vt. 259, 136 Atl. 835; *State v. Clark*, 164 La. 89, 113 So. 777.)

This court, speaking through Mr. Justice William A. Lee, said:

"In order to commit the offense of possession of liquor denounced by this statute" (C. S., sec. 2606), "it is not necessary that the liquor be taken from the person of the defendant or even that it be found in the dwelling house which he occupies. It is sufficient if it be found upon the premises over which he exercises such dominion and control as ordinarily obtains with regard to one's dwelling-house and the premises adjacent thereto." (*State v. Johnson*, 39 Ida. 440, 445, 227 Pac. 1052.)

The only testimony tending to rebut this presumption is found in the cross-examination of Sheriff Prater and of

his deputy, Parker. The sheriff testified that when he took the whisky from appellant's married daughter she said, in effect, that it belonged to her and that "they" did not know it was there. Parker also testified she said it belonged to her. Assuming this testimony was competent, its effect is merely to create a conflict in the evidence as to appellant's ownership of the whisky and whether he knew it was there in his house or not, and the verdict will not be disturbed. (*State v. Shepard*, 39 Ida. 666, 229 Pac. 87.)

Judgment affirmed.

Lee, C. J., and Budge, Givens and McNaughton, JJ., concur.