(No. 7109. October 7, 1943.)

STATE OF IDAHO, Respondent, v. EARL GILBERT, Appellant.

[142 Pac. (2d) 584.]

Rehearing denied November 15, 1943.

212

P. J. Evans for appellant.

Bert H. Miller, Attorney General; J. R. Smead, Assistant Attorney General; and Ben B. Johnson, Prosecuting Attorney for Franklin County, for respondent.

DUNLAP, J.—Appellant Earl Gilbert was convicted of burglary in Franklin County. The appeal is from the judgment of conviction and from an order denying motion for new trial.

Three errors are assigned as the basis of the appeal.

It is contended the evidence is insufficient to justify the verdict, which claim is apparently based on the premise that defendant's participation in the crime was shown by the testimony of two accomplices, and that the only evidence to corroborate this testimony came from one McVey, a witness for the state, and who, as appears from his evidence, took an active part with appellant in selling the cured meats, the subject of the larceny, and who also processed in his residence in Salt Lake City and kept for his own use a dressed hog, which likewise constituted a part of the stolen property.

According to McVey, appellant came to his residence alone in the early morning following the robbery with the stolen loot, gave him a slab of bacon, left the dressed pig, and later assisted the witness and others in the processing thereof. It is evident the witness knew at that time that the meat was stolen.

Under our statutes (see sec. 19-2017, I.C.A.) :

"A conviction can not be had on the testimony of an accomplice, unless he is corroborated by other evidence, which in itself, and without the aid of the testimony of the accomplice, tends to connect the defendant with the com-

mission of the offense; and the corroboration is not sufficient, *it if* merely shows the commission of the offense, or the circumstances thereof."

However, it does not appear McVey had any connection with the larceny prior thereto, or at any other time, or that he planned, or aided in the planning thereof, or had any knowledge thereof whatever until after the meat had been stolen.

"An accomplice is a person concerned in the commission of a crime, whether he directly participates in the commission of the act constituting the offense or aids and abets in its commission, or, not being present, has advised or encouraged its commission." (*State v. Grimmett*, 33 Ida. 203, 193 P. 380.)

From the evidence adduced, it is clear McVey, while an accessory after the fact, was not an accomplice. He did not become connected with the crime until after its commission. (*State v. Grimmett*, supra.)

McVey's testimony was in conflict with the testimony of appellant and some of his witnesses, but primarily the question of its sufficiency and the weight to be given it was for the jury. (*State v. Bouchard*, 27 Ida. 500, 149 P. 464.)

While the evidence discloses that this witness was himself deep in the mire, the court's instructions Nos. 9, 10, and 13 were ample protection to the defendant from the likelihood of damage to his case by testimony from such a disreputable source. These instructions are as follows:

"IX.

"You are the sole judges of the credibility of the witnesses and of the weight to be attached to the testimony of each and all of them. You have a right to determine from the appearance of the witnesses on the stand their manner of testifying, their apparent candor and fairness or want of it, their apparent intelligence or lack of intelligence, their interest in the case, and all the other surrounding circumstances appearing on the trial, which witnesses are the more worthy of credit, and to give credit accordingly.

"X.

"The jury are the sole and exclusive judges of the facts, of what has been proven in this case, of the credibility of

the witnesses, and of the weight to be given to the testimony of each and all of them, and in determining these important questions you should take into consideration every fact and circumstance in evidence which in your judgment affects the credibility of any witness, or the weight to be given to his testimony, and from all the facts and circumstances in evidence it is for you to determine what witnesses have sworn truthfully or otherwise and give credit accordingly.

\* \* \*

"XIII.

"You are not bound to believe the testimony of any witness or number of witnesses; you are to search for the truth, believing only such testimony as carries conviction to your minds of the truth. If you believe that any witness has wilfully testified falsely as to any material fact in the case, you are at liberty, but not required, to disregard the whole of the testimony of such witness, except as he may have been corroborated by credible witnesses or credible evidence in the case."

The jury was likewise carefully and properly instructed as to the law on the pertinent subject of testimony of accomplices.

Further, on the question of the quantum of evidence of this nature, we quote the rule as pronounced by this court (*State v. Gillum*, 39 Ida. 457, 228 P. 334) on local page 463, as follows:

"No general rule can be stated with respect to the *quantum* of evidence corroborating an accomplice's testimony which is necessary to warrant a conviction; each case must be governed by its own circumstances, keeping in view the nature of the crime, the character of the accomplice's testimony, and the general requirements with respect to corroboration. Where the circumstances point to the guilt of the accused, independent of the accomplice's testimony, such circumstantial evidence may be a sufficient corroboration of the accomplice's testimony to sustain a conviction. It is not necessary that the testimony of an accomplice be corroborated in every detail. Any corroborative evidence legitimately tending to connect the defendant with the commission of a crime may be sufficient to warrant a conviction, although standing by itself it would not be sufficient proof of defendant's guilt. \* \* \*"

■ The second assignment urges the jury erred in refusing "to consider and credit the testimony of defendant and his witnesses in support of his alibi, duly corroborated by testimony of witnesses for the prosecution." No authority is cited to support this contention and it is without merit. Where in a criminal case there is a conflict in the evidence and the evidence supports the conviction, the decision of the jury will not be disturbed and this court has repeatedly so held. (*State v. Murray,* 43 Ida. 762, 254 P. 518; *State v. Griffith,* 55 Ida. 60, 37 P. (2d) 402; *State v. Johnston,* 62 Ida. 601, 113 P. (2d) 809; *State v. Beach,* 51 Ida. 183, 3 P. (2d) 539; *State v. Brassfield,* 40 Ida. 203, 232 P. 1; *State v. Keyser,* 38 Ida. 57, 219 P. 775.)

■ The third assignment raises the most serious question presented by the appeal. Appellant charges in effect that his counsel was refused the claimed right to refer to, or explain in his argument to the jury, the law applicable to testimony of accomplices, and to argue the evidence in the case bearing on this law. The burden of establishing this claimed error was upon appellant. (*Byington v. Horton,* 61 Ida. 389, 102 P. (2d) 652; *Baldwin v. Mittry,* 61 Ida. 427, 102 P. (2d) 643.) The record produced in support of the charge is rather meagre. It is as follows:

"The Court: Will you state whatever objection you want in the record.

"Mr. Evans: I wish the record to show at this time that in my argument to the jury I was discussing the effect and the sufficiency and the weight to be given to testimony of an accomplice, and suggested that the court would instruct them as to the law, and if the court would instruct them as to the law and along the line that I anticipated that then it would be necessary for the jury to have additional proof of the commission of the offense other than the testimony of the accomplices themselves, to which exception was taken by counsel for the state, and was sustained by the court.

"Mr. Johnson: Your Honor please,—

"Mr. Evans: Before counsel goes ahead, to which ruling of the Court counsel for the defense desires to take an exception.

"Mr. Johnson: If your Honor please, Attorney Evans used the statement that the testimony of accomplices is insufficient to sustain a conviction.

"Mr. Evans: I think that is correct, I did make that statement.

"The Court: I might say the ruling of the Court is.— what I want to make clear to counsel I think they are aware that the function of arguments to the jury is a discussion of the facts, and it is the function of the court to instruct the jury as to the law that governs the case, and the Court intended to rule and does now put in the record this ruling that it is not the function of counsel to state to the jury that under the law certain evidence is not sufficient to sustain the conviction as a matter of law. It is the proper role of counsel to discuss to the jury the weight and the probative force of the evidence as introduced and the proper conclusions be drawn therefrom. You may proceed.

"Mr. Evans: For the purpose of the record I may have an exception?

"The Court: That is understood."

It is not clear from this record that the court as a matter of fact did strike out or instruct the jury that the argument of appellant's counsel as to the law could not properly be considered by it. It is equally clear that this argument did state the law, and it likewise appears that the law on these matters was likewise fully and properly stated to the jury by the court in the instructions. However, we do think the court was in error in that part of his statement above contained, to the effect that the function of arguments to the jury is a discussion of the facts. While one of the functions of such arguments in a criminal case is a discussion of the facts, a discussion of the facts is not the *sole* purpose of such arguments and arguments of counsel can not be so circumscribed, for to so narrow and limit the arguments of defendant's counsel in a criminal case is to deprive him of the right to have his counsel make proper argument and discussion of the application of the laws to the facts shown to exist.

Our constitution guarantees to one accused of crime the right to defend with counsel (art. 1, sec. 13, Idaho Constitution) and this provision includes the right of accused to have his counsel make a proper argument to the jury in his behalf. (23 C.J.S. 522, sec. 1082.) Right of argument contemplates liberal freedom of speech and range of discussion. (*Carmichael v. State*, (Okla.) 279 P. 515.) It should, however, be confined to bounds of logic and reason.

(*People v. Tognola,* 83 Cal. App. 34, 256 P. 455.) An accused has the right to have his counsel argue the law in so far as the law is not misstated or inconsistent with the court's instruction. (23 C.J.S. 590, sec. 1110; *Kelly v. State,* (Ala.) 88 So. 180; *Foster v. State,* (Tex.) 279 S.W. 270.)

 Assuming, but not conceding, that error by the court in this matter is sufficiently shown by the record, we do not think it was such error as prejudiced appellant's case and if error is not prejudicial, it is not grounds for reversal. (*State v. Snoderly,* 61 Ida. 314, 101 P. (2d) 9.) As above stated, the jury was advised as to the law of the case by proper instructions of the court and it was bound under the law to accept and follow these instructions. (Sec. 19-2031, I.C.A.) It does not appear the jurymen did not do so.

 If the testimony of witness McVey were true, and evidently the jury accepted it as such, appellant was in possession of this stolen meat immediately following the theft and which theft was proven by satisfactory evidence, which was uncontradicted. In the absence of satisfactory explanation by appellant as to the fact and circumstance of possession, this raised a presumption that he committed the larceny. (*State v. Bates,* 63 Ida. 119, 117 P. (2d) 281.) As a matter of fact the appellant offered no explanation whatever on the matter of possession, as he contended he was never in possession.

 On the whole record we do not think there was reversible error in the matter complained of.

In the case of *State v. Brill* (21 Ida. 269, 121 P. 79), this court said:

"* * * This court held in *State v. Marren,* 17 Ida. 766, 107 P. 993, that even though an instruction is erroneous and ordinarily the error would be material, yet if the evidence of the defendant's guilt is satisfactory, that is, such as ordinarily produces moral certainty, or conviction in an unprejudiced mind, and the result would not have been different had the instruction been omitted, the case will not be reversed because of such erroneous instruction."

The same principal is applicable here.

Sec. 19-2719, I.C.A., provides:

"After hearing the appeal, the court must give judgment without regard to technical errors or defects, or to excep-

tions which do not affect the substantial rights of the parties."

We have carefully examined the record in this case and given careful consideration to the able brief and arguments of appellant's counsel. We cannot but conclude, however, that appellant was accorded a fair and impartial trial and was in no way prejudiced in his rights therein.

The judgment must be and is affirmed.

Holden, C.J., and Budge and Givens, JJ., concur.

AILSHIE, J., concurring.—It may be, as suggested by Mr. Justice Dunlap, that the record produced in support of charge of error in limiting argument of counsel, is rather too meager upon which to predicate a reversal of the judgment. Upon that theory, which appears to be entertained by my associates, I am concurring in an affirmance of the judgment. I want to be understood, however, as disapproving the theory announced by the trial court, as appears from the record, wherein he stated to the counsel and the jury: "the court intended to rule and does now put in the record this ruling that it is not the function of counsel to state to the jury that under the law certain evidence is not sufficient to sustain the conviction as a matter of law."

Of course it is the function and duty of the court to instruct the jury as to the law and to instruct them that they are to take the law from the court and not from the argument of counsel. On the other hand, counsel who is arguing the case is presumed to be reasonably well familiar with the law applicable to the case and, at any rate, has a right to argue the case on the theory that the law is as he understands it to be and, at the same time, demonstrate if he can to the jury, that the evidence is not sufficient to meet the demands of the law in any particular respect in which he is attacking the sufficiency of the evidence. Here, according to the statement of counsel as appears in the record he "suggested that the court would instruct them as to the law, and if the court would instruct them as to the law and along the line that I anticipated that then it would be necessary for the jury to have additional proof of the commission of the offense other than the testimony of the accomplices themselves, . . ."

It was clearly and unmistakably proper for counsel to make argument along the lines indicated by his offer.

The right of trial by due process of law guaranteed by the constitution would be of little avail, if an accused or his attorney can be denied the right to discuss the evidence adduced in his case and its weight and sufficiency as measured by the recognized rules of law.

Evidence may be desultory or confusing. It may be in some instances consistent with divergent theories, according to the understanding of the trier of facts. Counsel has a right, and it is his duty, to analyze the evidence and point out *its legal as well as probative* weight and value. To deny that right is a denial of due process.

"A hearing, in its very essence, demands that he who is entitled to it shall have the right to support his allegations by argument however brief; and, if need be, by proof, however informal."

(*Londoner v. Denver,* 219 U.S. 373, 386, 52 L. ed. 1103; 1112; *Windsor v. McVeigh,* 93 U.S. 274, 23 L. ed. 914.)